Washburn, J.
The determining question in this case may be stated without the labor of detailing the facts. It is as follows:
A workman is injured and files his claim with the Industrial Commission, which claim is allowed, and paid until the commission determines that his earning capacity is no longer impaired and denies *190 him the right to further participate in the fund. Can he prosecute an appeal to the common pleas court from the order of the commission denying him the right to further participate in the fund, without alleging in his petition the grounds upon which such denial was made?
Such an appeal was attempted in this case, and, a demurrer to the petition being sustained, judgment was entered against the workman. The question here presented was not raised or argued in the case of Di Cicco v. The Industrial Commission of Ohio, 11 Ohio App., 271, decided by this court June 27, 1919. That case was tried upon an agreed statement of facts, and the only question presented or determined was the meaning of the term “earning capacity,” as used in the statute.
This record presents the question of the right to appeal when the grounds of the denial by the commission are not set forth in the petition. That right depends upon the provisions of Section 1465-90, General Code, as amended 107 Ohio Laws, 162, which is, in part, as follows:
“The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such commis *191 sion, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.”
A reading of this statute without reference to any changes made in it by amendment since its original enactment would lead to the natural conclusion that the right of a claimant to appeal, whether he had been denied the right to participate or the right to continue to participate in such fund, is granted only when the denial of such right is on the ground that the injury is self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon some other ground going to the basis of the plaintiff’s right; in other words, if the commission determined that it had no jurisdiction because the claimant had no rights in the fund, then the right of appeal was granted, but if the commission determined' that the claimant had some rights in the fund, and made a bona fide award, then there was no appeal. This seems to be the plain meaning of the language used, and the only doubt about that being the proper construction is the fact that under that construction one who is denied the right to continue to participate seldom, if ever, could appeal, for the reason that it would seldom, if ever, happen that one who was denied the right to continue to participate would be denied that right on the grounds set forth.
The statute as it was first enacted is in all respects the same as quoted above, with the exception of the clause, “or to continue to participate,” so that the statute then g'ave the right to appeal only in case the commission denied the right of the *192 claimant to participate at all in the fund, and then only when the denial was upon the grounds stated, which, as has been said, was not changed by the amendment.
When the statute so read it came before the supreme court for construction in the case of Snyder v. State Liability Board of Awards et al., 94 Ohio St., 342, and it was there determined that “as a condition precedent to the right of claimant to file his appeal in the court of common pleas, there must be a denial of his right to participate at all in such fund, based upon one of the jurisdictional matters enumerated in the section.”
In the opinion the court say, at page 347:
“It is to be observed that the statute which confers the right of appeal does so upon condition that final action of the board denies the right of the claimant to participate at all in the fund, upon one of the grounds therein enumerated. This right of appeal proceeds upon the theory that there has been a finding by the board that it is without jurisdiction to act in the matter. If the board should find that the injury complained of was self-inflicted or that the injury did not arise in the course of employment, or that there was some other ground which went to the basis of claimant’s right, then the board, being without jurisdiction, must necessarily deny the right of claimant to participate. The claimant then under the proviso in the statute in question has his day in court, and it is expressly provided that after the appeal is perfected and the pleadings are filed the court or a jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to par *193 ticipate in the fund. That is the first question to be determined by the court or jury. If it is determined adversely to the claimant, that is the end of the matter. If there is a finding in his favor then the court or jury goes further and fixes the compensation within the limits and under the rules prescribed by law, and the judgment so obtained shall be paid out of the insurance fund.”
This case authoritatively settled the construction which wTas to be placed upon this statute, when there was no attempt to confer the right of appeal upon a claimant who had been denied the right to continue to participate. After that decision the legislature inserted in the statute the words “or continue to participate.”
It may be conceded that the legislature, by so amending the law, intended to confer some sort of right of appeal upon a claimant who had been granted the right to participate, but later had been denied the right to continue to participate, but it provided that in order that such right of appeal might exist the denial of the commission had to be upon the same grounds as applied in the case where the commission denied the right to participate at all; that is, upon grounds which the supreme court had determined were jurisdictional matters.
The result is that the amendment either conferred the right of appeal upon a workman who is denied the right to continue to participate, but limited that right of appeal to cases where the denial was upon grounds that can seldom, if ever, exist, and therefore, for all practical purposes, conferred no right of appeal at all, or else it conferred the *194 right of appeal regardless of the ground upon which the commission’s denial is based. If we adopt this latter conclusion, then the result will be that the claimant whose right has been recognized, and thereafter his right to further continue to participate in the fund has been denied, may in all cases appeal to the common pleas court. We do •not think that the language of the statute, when construed with the other sections of the statute governing the work of the commission, authorizes us to say that the legislature intended to confer a right of appeal in all cases where the claimant has been denied the right to continue to participate in the funds. The commission is given authority to pass upon all claims made, and a continuing power to increase or decrease allowances and exercise jurisdiction over its awards, and the statute provides that its decisions shall be final upon all questions within its jurisdiction, except only that the right of appeal is given where the denial of the claimant’s right to participate or to continue" to participate is on the jurisdictional grounds above referred to.
We know of no rule of construction which will permit the court to ignore and totally disregard the plain meaning of the words used in the statute, where such meaning has been established by the supreme court in construing the original statute, and where the same language is used in the amended statute, even though such meaning conflicts with a supposed but not plainly expressed intention of the legislature in making the amendment to the statute. Especially is this so if to ignore such meaning would ascribe to the legislature an *195 intention to confer the right of almost unlimited appeal, and thus reinvest the courts with jurisdiction which it was the object of the compensation act to take away from courts.
This construction gives to the amendment a limited application which is of no practical effect, and that is that a denial to continue to participate on a ground going to the basis of the claimant’s right means such ground as, if known to the commission or properly considered by it at the time of the original award, would have established lack of jurisdiction to make the award; but we are of the opinion that in any event it does not mean a ground based upon the character and extent of the claimant’s injuries or the degree to which he has recovered his health and strength.
Moreover, the statute allowing the appeal does not provide for an appeal in the sense in which an appeal is taken from the decision of a court (The State, ex rel. Yaple, v. Creamer, Treasurer of State, 85 Ohio St., 349), and the statute provides that the claimant shall file his petition within thirty days after the notice of the final action of the commission.
All the information that is contained in the petition in reference to this subject is in the paragraph which follows:
“Subsequent to such injury plaintiff applied to the Industrial Commission of Ohio to require defendant to pay compensation to plaintiff, and such Industrial Commission awarded to plaintiff compensation at the rate of $11.60 per week from one week after the date of such injury until March 1st, Jpi8, being entitled to $662.80, whereupon said *196 Industrial Commission refused to order defendant to pay further compensation to plaintiff, and plaintiff filed his appeal to this Court on February 18th, jpip.”
The petition in this case does not set forth the grounds upon which the commission denied the plaintiff’s right to continue to participate in the fund, and it does not state facts sufficient to show plaintiff’s right to prosecute the appeal, and therefore it does not set forth facts sufficient to constitute a cause of action.
The demurrer to the petition was properly sustained.

Judgment affirmed.

Dunlap, P. J., and Vickery, J., concur.