## DYKES v. THE INDUSTRIAL COMMISSION OF OHIO.

*Workmen's compensation—Allowance of compensation and pay-*
*ments later discontinued—Presumption that claimant ade-*
*quately compensated—Right of appeal to common pleas*
*court.*

When the Industrial Commission of Ohio once takes jurisdic-
tion of a claim and finds all of the jurisdictional facts in
favor of the claimant, allowing him compensation and
continuing to allow him compensation from time to time,
and finally upon a rehearing makes an order that he is
not entitled to further compensation, the presumption is.
in the absence of a showing on its records to the con-
trary, that the claimant is denied further compensation,
not because the commission finds there is a lack of juris-
dictional facts, but because in the judgment of the com-
mission the claimant has been adequately compensated for
the injury he received from the accident.

(Decided May 29, 1924.)

ERROR: Court of Appeals for Summit county.

*Messrs. Smoyer, Clinedinst & Smoyer,* for plain-
tiff in error.

*Mr. C. C. Crabbe,* attorney general; *Mr. A. W.*
*Doyle,* prosecuting attorney; *Mr. W. A. Spencer,*
assistant prosecuting attorney, and *Mr. R. R. Zur-*
*mehly,* for defendant in error.

PARDEE, J.    This is an action to reverse a judg-
ment of the Common Pleas Court of Summit
county rendered against the plaintiff in error.    The
parties stand in the same position as in the court
below, and will be referred to herein as plaintiff
and defendant.

The facts disclose that on the 11th day of

August, 1918, the plaintiff, an employe of the Kelly-Springfield Tire Co., of Akron, sustained an injury while in the employ of that company, and thereafter filed an application for compensation with the defendant, which application was allowed, defendant finding all jurisdictional facts in favor of plaintiff.

The plaintiff was paid compensation by defendant from August 11, 1918, to January 1, 1921, when his compensation was discontinued. Thereafter, he made application to the defendant for additional compensation and for a rehearing; whereupon his claim was reopened and additional evidence was offered. On December 5, 1922, his claim for further compensation came on for hearing before the defendant, the question being his right to additional compensation, and on that date a finding was made that no additional compensation be awarded, and for cause the claim was closed.

Thereupon, within thirty days, an appeal was taken from this order to the Common Pleas Court of Summit county. In due time the appeal came on to be heard to the court and jury, and after the evidence had been offered, the trial court, upon motion, withdrew the case from the consideration of the jury and entered a judgment for the defendant.

The plaintiff in his amended petition states, in part, as follows:

"That on or about December 5, 1922, his claim for compensation, dating from January 1, 1921, came up for hearing before said defendant The Industrial Commission of Ohio, for compensation on account of disability resulting from said injuries, and on said date the said defendant The

Industrial Commission of Ohio made a finding that the disability complained of by plaintiff was not the result of any injuries sustained by the plaintiff on the 11th day of August, 1918, while employed by The Kelly-Springfield Tire Company, and that he was not suffering any injuries from an accident that arose in the course of his employment, but found on the contrary that he was disabled, but that such disability was due to local infection and to disease, and that it was without jurisdiction to grant claimant the compensation applied for; and said defendant also ordered that said claim be dismissed, and made a further order that its files be closed and remain closed permanently, which action on the part of the defendant, The Industrial Commission of Ohio, denied this plaintiff compensation for injuries he received in the accident herein referred to, on the 11th day of August, 1918, after the 1st day of January, A. D. 1921, on the aforesaid jurisdictional ground.

"That the number of said cause before The Industrial Commission of Ohio was No. 508809 That by reason of the aforesaid decision of defendant The Industrial Commission of Ohio, which was its final decision, this plaintiff was denied any compensation for his disability on account of sustaining said injuries, after the 1st day of January, A. D. 1921, and he was thereby denied the right to participate in the insurance fund of the State of Ohio for his disability as complained of, after the 1st day of January, 1921, and said decision went to the very basis of this plaintiff's right to continue to participate in such fund."

To this amended petition the defendant filed an answer, as follows:

"Now comes the defendant and in answer to the plaintiff's amended petition filed herein admits that on or about the 11th day of August, 1918, and for some time prior thereto, the plaintiff was in the employ of The Kelly-Springfield Tire Company at Akron, Ohio, and that during said time said company had complied with the Workmen's Compensation Law by paying full premium into the State Insurance Fund; that on or about the 11th day of August, 1918, while so employed this plaintiff sustained an injury in the course of his employment which injury was the basis of the claim before the Industrial Commission and the basis for the action in this court; that said injury caused an incomplete fracture of the innominate bone into the scetabulum; that application for compensation was made by this plaintiff to the defendant from the state insurance fund on account of said injury and that said application was allowed and all the jurisdictional facts found and determined in favor of the plaintiff and that thereafter from time to time upon various hearings the defendant allowed and paid the claimant compensation from the 11th day of August, 1918, to January 1st, 1921. That the number of the aforesaid claim was 508809 in the files of this defendant. That the average weekly wage of the deceased at the time of said injury as aforesaid was $40.50.

"This defendant denies each and every other allegation contained in the plaintiff's petition, which is not herein specifically admitted to be true.

"Wherefore, the defendant prays that the petition and appeal filed herein be dismissed at the cost of the plaintiff and that it be allowed to go hence without day."

By these pleadings the question is fairly made: Does the record show that further compensation was denied to plaintiff upon some ground going to the basis of claimant's right, or was further compensation denied the plaintiff because he had received adequate compensation for the injuries which he received in the course of his employment?

The plaintiff relies upon the case of *Perkins* v. *Industrial Commission,* 106 Ohio St., 233, for authority to establish his right. We have carefully examined that case and find that the main point, much stressed by the judge who wrote the opinion, differentiates it from the instant case in this, to-wit: the defendant denies that the additional award was refused because of some jurisdictional defect going to the basis of the plaintiff's claim, which denial did not appear in the case of *Perkins* v. *Industrial Commission, supra.* Therefore, the presumption indulged in the *Perkins case* does not obtain in this one.

It is conceded in the instant case that all the jurisdictional facts necessary to entitle the plaintiff to recover were found in his favor when his application was originally heard, and he participated for some time in the fund, additional awards being made to him from time to time upon rehearings, the last one being $480.79, covering the time from October 12, 1919, to December 31, 1920. inclusive—being 63 6/7 weeks, at $7.58 per week. On March 10, 1921, a rehearing was had and further compensation denied.

On June 20, 1922, the claim was again before the defendant for additional compensation, and was continued to July 6, 1922, for the purpose of

giving the plaintiff an opportunity to obtain additional medical evidence to support his claim.

On July 6, 1922, the claim again came before the defendant and was assigned for oral hearing at Akron.

On September 28, 1922, the claim was again before the defendant for hearing, and a recommendation was adopted that no further award be made at that time, but that the matter be referred to the medical division for an examination of the plaintiff, which was done.

On December 5, 1922, the claim came again before the defendant, was reopened, and was submitted to it for consideration upon the proofs on file, and an order was made that no additional award be made.

At this time the commission had before it the evidence of Dr. George E. Folansbee, of Cleveland, who stated that he had examined the patient and found that he was not then suffering from the injuries received in the course of his employment on August 11, 1918.

The claim is therefore made that this order disallowing the plaintiff further compensation from said fund goes to the basis of plaintiff's claim and therefore he has a right to appeal to the Court of Common Pleas.

The record in this case shows that the commission, from the date of the initial award, up to and including the order of December 5, 1922, fully recognized its obligation to pay to said plaintiff compensation so long as he had any impairment of his earning power, due to or as a result of the accident on August 11, 1918. The amount of such compensation and the period for which it

shall pay rests solely within the jurisdiction of
the defendant, and after jurisdiction has once at-
tached there is no appeal therefrom if the claim-
ant is dissatisfied therewith. The only time there
is a right of appeal is when in the first instance
the industrial commission refuses the claimant the
right to participate at all in the insurance fund,
or when later it refuses him the right to con
tinue to participate therein on some ground going
to the basis of his claim.

In our opinion the record in this case conclusively
shows that the defendant was denied the right
further to participate in the fund and receive
additional compensation therefrom because he had
in the judgment of the commission been fully paid
for the impairment of income which he suffered
as a result of the accident of August 11, 1918;
and when the commission made such a finding it
was not one from which an appeal might be taken,
as it was not one which went to the basis of his
right to participate in the fund, but related solely
to the amount of compensation to be paid from
the fund for the injury suffered. And in order to
be appealable there must be a denial "to continue
to participate on a ground going to the basis
of the claimant's right, * * * such * * *
as, if known to the commission or properly con-
sidered by it at the time of the original award,
would have established lack of jurisdiction to
make the award." But we are of the opinion that
" in any event it [the statute] does not mean a
ground based upon the character and extent of the
claimant's injuries or the degree to which he has
recovered his health and strength." *Russitto* v.
*Steel Co.,* 12 Ohio App., 189, 195.

When the industrial commission once takes juris-diction of a claim and finds all of the jurisdictional facts in favor of the claimant and allows him compensation and continues to allow him compensation from time to time, and finally upon a rehearing makes an order that he is not entitled to further compensation, the presumption is, in the absence of a showing on its records to the con trary, that the claimant is denied further compensation, not because the commission finds there is a lack of jurisdictional facts, but because in the judgment of the commission the claimant has been adequately compensated for the injury he received from the accident.

This conclusion is fully supported by the case of *Industrial Commission* v. *Hogle,* 108 Ohio St., 363, the first and second propositions of the syllabus reading as follows:

"1. The court of common pleas is without jurisdiction to entertain an appeal from the Industrial Commission pursuant to the terms of Section 1465-90, General Code, until the Commission has taken final action in the premises denying the claimant the right to participate at all or to continue to participate in the state insurance fund, on the ground: First, that the injury was purposely self-inflicted, or, second, that the injury was not sustained in the course of employment, or third, upon any other ground going to the basis of the claimant's right.

"2. The Industrial Commission speaks by its record, and such final action, to be the basis of an appeal, must affirmatively appear upon the record of the proceedings of the Commission."

In the opinion of the court, by Judge Day, we find this language:

"The Commission must act in the premises, and until that was done either one way or the other, either by allowance or rejection of the claim upon one of the statutory grounds, there was no final action within the meaning of Section 1465-90, General Code. The Commission speaks only by its record, as is provided by Section 1465-40, General Code, and the evidence is silent as to any such affirmative proof."

And the meaning of the expression "final action," as used in the Code, received a judicial interpretation in the case of *Snyder* v. *State Liability Board of Awards*, 94 Ohio St., 342, as follows:

"The term 'final action' as used in Section 1465-90, General Code (103 O. L., 88), has relation to the question whether or not the Industrial Commission has jurisdiction to allow compensation to a claimant out of the state insurance fund, and under the provisions of that section, as a condition precedent to the right of claimant to file his appeal in the court of common pleas, there must be a denial of his right to participate at all in such fund, based upon one of the jurisdictional matters enumerated in the section."

In the instant case the record is silent as to any affirmative proof that the plaintiff was denied further compensation upon any one of the jurisdictional grounds, but on the other hand we are satisfied that the fair and reasonable interpretation of the record in this case shows that plaintiff was denied further compensation and award for the sole reason that he had, in the judgment of the commission, received adequate compensation

for the impairment of his earning capacity as a result of the accident which was the basis of his claim.

The trial court found that the plaintiff did not have a right to appeal from the order of the Industrial Commission, and rendered judgment in favor of the defendant.

As hereinbefore indicated, we find that the defendant did not have any right of appeal, but we do not believe that the trial court had a right to render final judgment, but should have dismissed the appeal. A journal entry may therefore be drawn modifying the order of the trial court in that respect, and the judgment, as modified, will be affirmed.

*Judgment modified, and affirmed as modified.*

FUNK, P. J., and WASHBURN, J., concur.