By the Court.
 

 On September 18, 1922, Nagy
 
 *216
 
 applied to the Industrial Commission for compensation for injuries sustained, and for payment of medical services incurred. After the reports of physicians and bills for medical services were submitted to the commission, on January 18, 1923, it allowed applicant’s claim for medical services, amounting to $38, and also $92.14 for 6 1-7 weeks compensation, based upon applicant’s weekly wage. On the same day it also allowed the sum of $15 for additional medical service.
 

 The record does not disclose that the Commission denied applicant’s right to continue to participate in the insurance fund on any of the grounds set forth in Section 1465-90, General Code; but, on the contrary, the record discloses that whatever action was taken by the Commission was in applicant’s favor.
 

 A letter of the chief medical officer is embodied in the record, advising one J. K. Johnson that applicant’s loss of vision was not the result of his injury, but due to other causes. There is also a letter purporting to be written by the chief of division to applicant’s attorney to the same effect, hut no final action was taken by the 'Commission.
 

 The Industrial Commission speaks by its record.
 
 Industrial Commission
 
 v.
 
 Hogle,
 
 108 Ohio St., 363, 140 N. E., 612. On January 18, 1923, being the same day the order of the Commission was entered, the applicant appealed to the Common Pleas Court. Since the appeal was instituted before any final action was taken by the 'Commission denying applicant’s right to further participate in the fund, under above Code section the appeal was prematurely made.
 

 
 *217
 
 It therefore follows that the judgments of the lower courts should he reversed on the authority of
 
 Industrial Commission
 
 v.
 
 Hogle, supra.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.