Day, J.
 

 There are three questions presented in the
 
 Phillips case:
 

 (1) Did the Industrial Commission take “final action” on the claim of Phillips?
 

 (2) What construction shall be given to Section 1465-69, General Code of Ohio, involving the rights and duties of self-insurers?
 

 (3) Was there any right of appeal by Phillips, after he had received compensation for temporary disability, when the application for permanent total disability compensation was denied?
 

 An answer to these three questions necessitates a brief statement of the facts upon which the claim of Phillips is based.
 

 On September 9, 1918, he was in the employ of the Hydraulic Pressed Steel Company, and he met with an accident while hammering^ heated rivets, causing hot steel chips or scales to fly into his face, some of which caused an injury to his right eye. A claim was presented to the Industrial Com
 
 *613
 
 mission, and he was granted temporary total compensation from the time he was injured to December 2, 1918, with the exception of the first week. The commission reviewed his claim on December 2 of that year, and granted temporary compensation from December 2, 1918, to July 19, 1919, when such compensation was discontinued. He returned to work about three months after he was injured at the Hydraulic Pressed Steel Company, and later worked for various employers; his employment varying with industrial conditions.
 

 In 1923 he obtained employment at the Fisher Body Company, and, while so employed, on April 4 of that year, he received further injury in the right eye. A claim was filed with the commission, claim No. 130030-22, and compensation for temporary total disability was allowed by reason of this second accident until July 6, 1923. After-wards, Phillips’ eyesight having become so far affected in both eyes that he claims to have been permanently disabled, a claim for compensation for permanent disability was filed with the Industrial Commission. Out of an abundance of caution,, fearing that there might be some doubt as to which of the two accidents was responsible for the blindness, a claim for compensation for loss of vision was filed in each, to wit, the old claim No. 514799, for the injury of September 9, 1918, and the second claim, to wit, No. 130030-22, for the injury of April 4, 1923.
 

 These two applications were heard together, and the claim in each case was disallowed. The ground for disallowance was that “loss of vision is the result of interstitial keratitis following the
 
 *614
 
 syphilitic inflammation, ” and was not the result of an injury in the course of employment.
 

 Upon this disallowance by the Industrial Commission, appeal was perfected in each case, and upon trial of the appeal in claim No. 514799, based upon the accident of September 9, 1918, a verdict was returned in favor of Phillips, being the one now before this court for review.
 

 This brings us to the first question presented, to wit, Was there such final action by the Industrial Commission as would justify an appeal by the claimant?
 

 The record discloses that the Industrial Commission as to the injury of September' 9, 1918, made the following entry on its record:
 

 “Finding of facts and minutes: On this day this claim, together with the proof on file, was presented to the commission by the chief of the division of Workmen’s Compensation, considered and reopened, and a finding of facts made as follows: Submitted upon the report of Dr. Obetz, for the consideration of the Commission. Claim 130030, Section 22, accompanies this claim L. Mr. Clark moved that compensation be granted for temporary total disability from April 4, 1923, to July 6, 1923 (less the first week), of during the period of active symptoms of inflammation from the injury alleged on April 4, 1923, together with payment of such medical and hospital bills as shall be approved by the medical department and the claim closed in accordance with recommendation of Dr. Obetz. This motion was seconded by Mr. Duffy and voted upon as follows: Mr. Clark, aye, Mr. Duffy, aye. Date Dec. 11, 1923. Secretary H. E. Witter.”
 

 
 *615
 
 The finding of the commission being based upon the recommendation of Dr. Obetz, it is necessary to again advert to the records of that body. The same disclose that, as .to both claims of Phillips, one for the injury of September 9, 1918, and the other for the injury of April 4, 1923, Dr. Obetz recommended as follows, under date of November 26, 1923:
 

 “In his conclusion, Dr. Moore states as follows: ‘This patient gives a history of having been struck in both eyes by hot scale on September 9, 1918, which injury I do not believe caused the impairment of vision which he claims. He has an interstitial keratitis, which has caused the opacities in both cornea. * * * I do not believe the accidents were the direct cause of the loss of vision, in either eye * * * I believe the loss of vision to be due to the interstitial keratitis.’ * * *
 

 “Dr. Moore also mentions a Wasserman examination to confirm his diagnosis of interstitial keratitis, but this is considered unnecessary, for the reports on file show that this claimant has been treated for congenital syphilis. On the basis of the reports filed in both claims, it would only be assumed that the loss of vision is the result of interstitial keratitis following the syphilitic infection. * * *
 

 “It is recommended that the claimant be considered totally disabled during the period of active inflammation, due to injury,
 
 but that claim for compensation for loss of vision be denied.”
 

 The adoption of such a recommendation we think shows final action taken by the Industrial Commission denying the claimant the right to participate or to continue to participate in the fund.
 

 
 *616
 
 The case of
 
 Industrial Commission
 
 v.
 
 Hogle,
 
 108 Ohio St., 363, 140 N. E., 612, is readily distinguishable from the case at bar, for in that case there was no final and definite rejection of the claim of Hogle by the commission. As was said in that case at page 366 (140 N. E., 613):
 

 “Nothing in the record discloses that any affirmative action was ever taken by the commission itself in the nature of a final action upon this claim.”
 

 To the same effect is
 
 Industrial Commission
 
 v.
 
 Nagy,
 
 113 Ohio St., 215, 148 N. E., 398, neither of which cases is decisive of the questions herein involved.
 

 In the case at bar Dr. Obetz recommended that “the claimant be considered totally disabled during the period of active inflammation, due to injury, but that claim for compensation for loss of vision be denied,” and the commission found “The claim closed in accordance with recommendation of Dr. Obetz.”
 

 This we think amounted to affirmative action by the commission, signifying definite and final rejection of the claim of Phillips, upon
 
 the very
 
 definite ground that his loss of vision was due to syphilitic infection and that he was therefore not entitled to compensation for his loss of vision because of the industrial accident of either September 9, 1918, or April 4, 1923. This was such a finality as might be the basis of an appeal under Section 1465-90, General Code.
 

 The next point is whether the Fisher Body Company, a self-insurer, should contribute to the judgment in favor of Phillips; it being the employer at
 
 *617
 
 the time of Phillips’ injury on April 4, 1923, to' wit, the date of the second accident, pursuant to Section 1465-69, General Code.
 

 In the case at bar, Phillips’ claim was for the disability because of total or entire loss of vision, due to the injury of September 9, 1918. On the other hand, the claim of the commission was that the loss of vision was due to syphilitic infection and not to either accident, and for such reason, and upon that ground, as recommended by Dr. Obetz, Phillips’ claim was rejected. Thus the issue was squarely made, and upon the appeal the same was presented substantially in that form to the jury.
 

 The record shows that the trial judge presented that issue in his charge to the jury, as will appear from the following excerpt therefrom. After detailing certain admitted facts, the court said:
 

 “These facts are all conceded by counsel for the defendant, but there the material facts admitted end, and the real issues of the lawsuit begin, because it is strenuously denied by the defendant that the injury which Joe Phillips received on that day—on the 9th day of September, 1918—had anything to do with the present condition of his eyes. That is denied by the defendant. In other words, the defendant says that Joe Phillips did receive some injuries, but they have paid him compensation for those injuries, and at the time they ceased to pay him compensation for those injuries he had recovered from those injuries, and that they therefore owe bim nothing further, because, whatever may have developed in his eye condition subsequent to that time, the
 
 *618
 
 Industrial Commission of Ohio is in no way responsible for; that they owe him nothing for any subsequent condition to his eyes. The Industrial Commission admits further that the injuries which he received on that day were received in the course of and grew out of his employment, whatever those injuries were, but it says that those injuries, whatever they were, that he received on that day, had nothing to do with his subsequent eye trouble, at least subsequent to the time for which they paid him compensation, and they say his eye condition subsequent to the time they ceased to pay him compensation was due to an inherent blood complaint which the defendant had —an inherent blood taint which he had—and did not in any way come from the injuries which he received on the 9th day of September, 1918; and those are the issues of facts you are to determine, or the issue of facts, and you will give that issue of facts your calm, careful, and deliberate consideration, and then say, in your own sound judgment, who is in the right ih this controversy.
 

 “To put it to you more concretely, before Joe Phillips, the plaintiff in this case, can recover, he must show you by a preponderance of the evidence that the eye condition of which he complains, was due directly to the injury which he received on the 9th day of September, 1918. That is his duty, before he can recover in this action, to show you by a preponderance of the evidence, that his eye condition subsequent to July, 1919—because the commission paid him’ compensation up to that time—is directly due to the injuries which he received in September, 1918, and if he fails to show
 
 *619
 
 you that fact by a preponderance of the evidence, you would not be further interested in the consideration of his case, but would return a verdict for the • defendant, and, as' I have said to- you before, that is the sole question of facts in this case.”
 

 Now, there was evidence offered upon both sides of this paramount issue of fact, and the jury found for Phillips, to wit, that his loss of vision was due to the injury of September 9, 1918. This being before he began working for the self-insurer, the Fisher Body Company, it follows that it should not be made to contribute to the judgment.
 

 The third point goes to the question whether the denial by the commission of Phillips’ right to further participate in the fund gives him the right of appeal under Section 1465-90, G-eneral Code.* The point is presented by plaintiff in error in its brief in the following language:
 

 “It is our contention that, when the commission made such a finding, it is not one from which an appeal may be taken, as it is not one which went to the basis of his right to participate in the workmen’s compensation, but related only to the amount of compensation to be paid for the injuries suffered.”
 

 The statute provided, in Section 1465-90, on September 9, 1920 (108 O. L., pt. 1, p. 322):
 

 “The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in ease the final action of such commission denies the right of the
 
 *620
 
 claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted * * * be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.”
 

 Subsequently, in 1921 (109 O. L., p. 296), this law was amended as to the third ground, giving the right of appeal as follows:
 

 “Or upon any other
 
 jurisdictional ground
 
 going to the basis of the claimant’s right.”
 

 We do not deem the insertion of the word “jurisdictional” as of great moment in the determination of the question presented by this point of claimed error in the record by the Industrial Commission, for defendant in error, Phillips, had participated in the fund by receiving temporary and temporary-permanent relief for total disability. Afterwards when Phillips made his claim for total loss of vision, growing out of his injury of September 9, 1918, the commission denied him the right “to continue to participate,” on the ground that his loss of vision was due to inherited syphilis and not to the injury of September 9, 1918. This was not a denial as to amount of his compensation, or a denial because he had been compensated as fully as his injury entitled him to be, but was a denial of the right to con
 
 *621
 
 tinue to participate because the injury was not due to an industrial accident in the course of his employment, for which further compensation could be allowed, for which reason Phillips was no longer entitled to continue to participate in the fund.
 

 This surely was a denial upon a jurisdictional ground that went to the basis of the claimant’s right, and an appeal therefrom to the common pleas court was within the letter and spirit of Section 1465-90, General Code.
 

 We do not deem the case of
 
 Snyder
 
 v.
 
 State Liability Board of Awards,
 
 94 Ohio St., 342, 114 N. E., 268, as controlling in this case as urged by plaintiff in error, as that case was under the law as it existed January 1, 1913, prior to the amendments of 1917 and 1921, whereby the applicant was permitted “to continue to participate” in the fund under certain conditions.
 

 We do not feel justified in giving the language of Section 1465-90, “and its decision thereon shall be final,” so narrow a construction as claimed for it. Since the decision in the
 
 Snyder case,
 
 two cases have been decided by this court giving interpretation to the workmen’s compensation statutes, recognizing the remedial character of such legislation and the liberal interpretation to which the same is entitled. As was said by Nichols, Chief Justice, in
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 250, 119 N. E., 461, 462:
 

 “A strict application of this rule would undoubtedly defeat the right of the plaintiff in error to recover, but, in view of the peculiar circumstances which the record discloses, and the feeling which abides within this court that the remedies
 
 *622
 
 provided in the Workmen’s Compensation Act for the benefit of injured parties should be. construed and interpreted with the utmo'st liberality, we are constrained to hold that the appeal was filed in time.”
 

 The other case is that of
 
 Perkins
 
 v.
 
 Industrial Commission,
 
 106 Ohio St., 233, 140 N. E., 134, in which the right of appeal under Section 1465-90 was recognized under the facts disclosed in that record. In the opinion of that case, at page 242 (140 N. E., 136), the following languagei is found:
 

 -“A denial to further participate in the fund, coupled wdth a stoppage of payments, is an action final in nature, and one going to some basis of claimant’s right. Rather than a modification, or change, under Section 1465-86, General Code, it was a complete 'abrogation, revocation, and termination of the right ‘to continue to participate.’ ”
 

 Coming to a consideration of the
 
 Hughes, Strieker,
 
 and
 
 Hibbs cases,
 
 considered herewith, the record of each of said cases shows that there was a denial by the commission of the right to continue to participate in the state insurance fund, upon the ground that the claimant’s condition was not attributable to' an industrial accident in the course of his employment, for which temporary disability allowance had already been made. As indicated in the
 
 Phillips case,
 
 we hold this to be a denial of the right to continue to participate upon jurisdictional grounds, entitling the applicants to the right of appeal under Section 1465-90, General Code.
 

 Entertaining these views, it follows that the conclusion of the Court of Appeals in affirming the judgment of the court of common pleas in the case
 
 *623
 
 of
 
 Industrial Commission of Ohio
 
 v.
 
 Joe Phillips,
 
 No. 19058, was right, and that judgment should be and is hereby affirmed.
 

 In the case of
 
 Industrial Commission of Ohio
 
 v.
 
 George Hughes,
 
 No. 19457, the judgment of the Court of Appeals of Perry county is affirmed.
 

 In the case of
 
 J. W. Stricker
 
 v.
 
 Industrial Commission of Ohio,
 
 No. 19469, the judgment of the Court of Appeals of Carroll county is reversed, and that of the common pleas court is affirmed.
 

 In
 
 Industrial Commission of Ohio
 
 v.
 
 Benjamin H. Hibbs,
 
 No. 19621, the judgment of the Court of Appeals of Tuscarawas county is affirmed.
 

 Judgments accordingly.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Bobinson, JJ., concur.
 

 (June 3, 1926.)
 

 In the cases of
 
 Industrial Commission of Ohio
 
 v.
 
 Hibbs,
 
 (No. 19621), and
 
 Strieker
 
 v.
 
 Industrial Commission of Ohio,
 
 (No. 19469), applications were filed by the Industrial Commission, asking the court to rehear the cases and determine whether the claimants are entitled to draw interest provided for in the judgment entry in each case.
 

 Upon consideration of said applications, the court has reached the conclusion that there is no authority of law for the Industrial Commission to pay interest on deferred payments of awards made by it. The Industrial Commission is a part of the executive department of the state government and its powers are limited by constitutional and statutory enactment. Until the
 
 *624
 
 Legislature has seen fit to make provision for the allowance of interest, we are of opinion that no such right exists. It follows, therefore, that this claim for interest upon the judgments rendered in these cases must he denied, and with this modification the former judgments are adhered to.
 

 Judgments accordingly.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.