final judgment is rendered for defendant, dismissing the petition of plaintiffs.

*Judgment reversed and judgment for plaintiff in error.*

WASHBURN and FUNK, JJ., concur.

Judges of the Ninth Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.

---

## THE CLEVELAND RY. CO. *v.* KINGAN.

*Workmen's compensation—Liberal construction in favor of injured employee—Appeal to common pleas court—Section 1465-90, General Code—Jurisdictional ground going to basis of claimant's right—Compensation granted and later discontinued because claimant fit for work—Compensation denied on application for adjustment of claim—Finding that claimant not suffering disability as result of injury—Legal power to make or refuse award, a question of law.*

1. Workmen's Compensation Act is liberally construed in favor of injured party.
2. Where fact that employee was injured in course of employment was not disputed, finding of the Industrial Commission, on employee's application for adjustment of claim, that he was not suffering disability as result of injury, *held* denial on "jurisdictional ground going to basis of claimant's right," and appealable under Section 1465-90, General Code, as amended by Act May 14, 1921 (109 O. L., 296).
3. It is question of law applying to legal power of Industrial Commission to make award or refuse it.

(Decided November 8, 1926.)

ERROR:  Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Mr. M. S. Cerrezin* and *Mr. Samuel T. Gaines,* for defendant in error.

SULLIVAN, J.  This cause arises on proceedings in error from the court of common pleas of Cuyahoga county, and the question to be determined is whether the common pleas court committed error in entertaining the appeal of plaintiff below, George Kingan, from a decision of the Industrial Commission of Ohio.

At the close of all the evidence in the case counsel for the defendant below, the Cleveland Railway Company, made motions to dismiss the appeal, and to direct a verdict for the defendant, on the ground that the court was without jurisdiction, specifically claiming that the decision of the Industrial Commission was final, and that therefore there was no right in the plaintiff below, George Kingan, to appeal to the court of common pleas.

It appears that on April 20, 1923, plaintiff was injured in the course of his employment with the Cleveland Railway Company, and sustained three fractured ribs, a fractured wrist, and a sprained right ankle.  The Industrial Commission assumed jurisdiction in the premises and made an award of compensation until June 15, 1923, when it is claimed that plaintiff was discharged as fit for his former employment, to wit, as a motorman of the company.  On July 8, 1924, Kingan filed his application

for adjustment of the claim with the Industrial Commission, alleging that he was not fully recovered from the injuries of April 20, 1923.

Subsequently he was examined at the request of the Industrial Commission by a surgeon of its own staff, and later, at the request of the commission, a specialist of the medical department also made an examination. Under these examinations there appears to be no question in the record that at the time they were made the applicant was suffering disability. From these examinations, establishing disability of a greater or lesser degree, the industrial commission, on November 18, 1925, denied further compensation, and an appeal under Section 1465-90, General Code, was taken. Upon trial in the common pleas an additional award of compensation was made for the injuries sustained on April 20, 1923.

In order to determine the issue whether applicant was entitled to appeal under the statute, and whether the Industrial Commission had final jurisdiction, it becomes necessary to examine the record of the commission in order to ascertain its judgment and order. We find the following as of November 18, 1925, appearing on the journal of that body:

"Miss Moriarity moved that further compensation be denied for the reason that the medical proof indicates claimant is not suffering from any disability as result of injury."

The affirmative vote upon this motion was unanimous.

The order made by the Industrial Commission is as follows, to wit: "This day, to wit, November

the 18th, 1925, this claim coming on for further hearing, for consideration of report of medical examination and the other proof on file, which report and all proof filed in connection therewith was duly and fully considered by the commission, it was the finding of the commission that the medical proof on file indicates claimant is not suffering any disability as result of injury."

Wherefore it was ordered that further compensation be denied.

Under this motion and order it is contended by able counsel for plaintiff in error that under the statute the Industrial Commission had final jurisdiction, and that the appeal to the court below was had upon non-jurisdictional grounds, and therefore it is claimed that the court committed error in not sustaining the motion to dismiss the appeal and the motion to direct a verdict for the railway company.

The statute under which appeal lies is Section 1465-90, General Code, (109 O. L., 296), and is in part as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other jurisdictional ground going to the basis of the claimant's right, then the claimant * * * may by filing his appeal in the common pleas court * * * be entitled to a trial in the ordinary way * * *."

Bearing in mind the motion and the order of the Industrial Commission, let us apply the statute in order to determine this question of appealability.

In *Roma* v. *Industrial Commission,* 97 Ohio St., 247, 119 N. E., 461, the rule is laid down against a strict application of the statute on the ground that to strictly apply it would defeat the right of recovery in meritorious cases. The purpose of the remedies provided in the Workmen's Compensation Act is for the benefit of the injured party, and therefore it follows that there should be a liberal interpretation of the rule in the applicant's favor. We quote on this point part of the language of Chief Justice Nichols in the *Roma case,* at page 250 (119 N. E., 462), as follows:

"A strict application of this rule would undoubtedly defeat the right of the plaintiff in error to recover, but in view of the peculiar circumstances which the record discloses, and the feeling which abides within this court that the remedies provided in the Workmen's Compensation Act for the benefit of injured parties should be construed and interpreted with the utmost liberality, we are constrained to hold  *  *  *."

This rule was also followed in *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38, wherein the court in the syllabus held: "The statute was intended to provide a speedy and inexpensive remedy as a substitute for previous unsatisfactory methods, and should be liberally construed in favor of employees."

Aiding us in the construction of the statute, we turn to the case of *Industrial Commission* v. *Phillips,* 114 Ohio St., 607, 151 N. E., 769, where the court uses language which precludes a narrow

construction of the word "jurisdictional." At page 620 (151 N. E., 773), the court says:

"We do not deem the insertion of the word 'jurisdictional' as of great moment in the determination of the question presented by this point of claimed error in the record by the Industrial Commission, for defendant in error, Phillips, had participated in the fund by receiving temporary and temporary-permanent relief for total disability."

In the case at bar the applicant had received from the Industrial Commission, under the assumption of jurisdiction, compensation, and the appeal to the common pleas court is a denial of the further right to participate, under the record. In this respect this and the *Phillips case* are similar. Therefore the word "jurisdictional" in the present case is not momentous to such a degree as to give it a narrow construction, so that a reasonable interpretation of the latter part of the section quoted would arise by using the language with the word "jurisdictional" eliminated, when it would read: "Upon" any other "ground * * * going to the basis of the claimant's right." The practical effect of the language just quoted creates an inference similar to that created by reading the literal language employed by the statute. The real point is whether the ground for appeal goes to the basis of the claimant's right. Now what is the basis of the claimant's right? It is a disability, partial or total, traceable to the injury inflicted in the course of employment, or any other ground related to the basis of the right to recover.

The statute covers a wide range and includes

every substantial element essential to the claimant's right to recover. In the present case, from the resolution, the order, and the record, it is conceded that disability existed. The finding in effect comports with the record in this respect, because the following language is used: "Is not suffering any disability as result of injury." That language, under the record, means that, while there is a disability, such disability does not arise under the statute from the injury. The words, "as result of injury," cannot with any reason apply to any other injury than the injury of April 20, 1923, over which the Industrial Commission had assumed jurisdiction and had awarded compensation for a certain period of time. The effect of such a finding is that present disability arose from some other injury than the injury employed as a basis for the claim. This question could only be determined by the record. If the injury were other than the one happening April 20, 1923, then under the statute there would be no jurisdiction. On the other hand, the converse would give it jurisdiction.

Again, it is a question of law applying to the legal power of the Industrial Commission to make an award or to refuse it. The very issue in the hearing before the commission was whether the facts were jurisdictional, and their finding imports in effect a legal conclusion, although the language is not as unequivocal as it might be, and of which the nature of the record is susceptible.

In *Deitrick* v. *The Crowell-Lundoff-Little Co.,* 23 N. P. (N. S.), 43, 31 O. D. (N. P.), 415, we find the following holding:

"Appeal lies from a denial by the Industrial

Commission of compensation for injuries on the ground that the earning capacity of the. claimant is no longer impaired.''

In *Perkins* v. *Industrial Commission,* 106 Ohio St., 233, at page 242, 140 N. E., 134, 136, we find the following language, which we think is applicable:

''A denial to further participate in the fund, coupled with a stoppage of payments, is an action final in nature, and one going to some basis of claimant's right. Rather than a modification, or change, under Section 1465-86, General Code, it was a complete abrogation, revocation and termination of the right 'to continue to participate.' ''

See, also, *Industrial Commission* v. *Hughes, Stricker* v. *Industrial Commission, Industrial Commission* v. *Hibbs,* 114 Ohio St., 607, 151 N. E., 769.

We find the Supreme Court in the *Stricker case, supra,* at page 622 (151 N. E., 774), using the following language, which we think applicable to the record and findings in the case at bar:

''Coming to a consideration  *  *  *  the record of each of said cases shows that there was a denial by the commission of the right to continue to participate in the state insurance fund, upon the ground that the claimant's condition was not attributable to an industrial accident in the course of his employment, for which temporary disability allowance had already been made. As indicated in the *Phillips case,* we hold this to be a denial of the right to continue to participate upon jurisdictional grounds, entitling the applicants to the right of appeal under Section 1465-90, General Code.''

The plaintiff in error cites, to support its con-

tention, *Dykes* v. *Industrial Commission,* 17 Ohio App., 384, but we think a careful reading of this case shows that the decision is not in conflict with the views herein expressed, if the case is carefully examined, and we quote the syllabus:

"When the Industrial Commission of Ohio once takes jurisdiction of a claim and finds all of the jurisdictional facts in favor of the claimant, allowing him compensation and continuing to allow him compensation from time to time, and finally upon a rehearing makes an order that he is not entitled to further compensation, the presumption is, *in the absence of a showing on its record to the contrary,* that the claimant is denied further compensation, not because the commission finds there is lack of jurisdictional facts, but because in the judgment of the commission the claimant has been adequately compensated for the injury he received from the accident." (Italics ours.)

It will be noted that this court laid down the rule that in the absence of a showing on its record to the contrary the presumption is that the claimant is denied further compensation because claimant had been adequately compensated for the injury received from the accident.

Recurring to the passage of the motion, the issuance of the order, and the finding of the Industrial Commission in the case at bar, we find the exception noted by this court applicable from the language of the motion, which reads, "Claimant is not suffering from any disability as result of injury," and from the language of the order, which reads, "That the medical proof on file indicates claimant is not suffering any disability as result of injury."

Holding these views, we are of the opinion, under the record, that the cause was appealable, and there was no prejudicial error in denying the motions asserted.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.