### No. 342

### CLEVELAND RY. CO. v. KINGAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Nov. 8. 1926

**631. INDUSTRIAL COMMISSION**—Where employee had been granted compensation for injuries received in the course of employment and same was not disputed, refusal to grant re-adjustment when there was proof of further disability, is a denial on "jurisdictional grou going to basis of claimant's right" and is appealable under Sec. 1465-90 GC.

**1104. STATUTES**—The Workmen's Compensation Act is liberally construed in favor of injured party.

**First Publication of this Opinion**

SULLIVAN, J.

This is an error proceeding from the Cuyahoga Common Pleas upon the question whether the lower court committed error in entertaining the appeal of George Kingan from a decision of the Industrial Commission.

At the close of all the evidence counsel for the Cleveland Railway Co. made motions to dismiss the appeal, and to direct a verdict for the Company on the ground that court was without jurisdiction, claiming that the Industrial Commission finding was final and therefore there was no right of appeal.

Kingan was a motorman for the company and was injured in the course of employment and received compensation and later was dismissed as unfit for his former employment. Later he filed his application for adjustment of the claim alleging that he was not fully re-

covered. The Commission ordered an examination by their physicians and there is no doubt that Kingan was still suffering from disability. The Commission however denied further compensation and an appeal was taken under Sec. 1465-90 GC. Upon trial an additional award was made.

The Court of Appeals held:

1. The Commission's vote on further compensation was unanimous and it is claimed that Sec. 1465-90 GC. made this decision final from which no appeal could be taken, hence the lack of jurisdiction of the Common Pleas.

2. The rule is laid down against a strict application of the statute on the ground that to strictly apply it would defeat the right of recovery of meritorious claims. Roman v. Indust. Com. 97 OS. 247.

3. The statute was intended to provide a speedy and inexpensive remedy as a substitute for previous unsatisfactory methods and should be liberally construed in favor of employees. Ind. Com. v. Weigandt, 102 OS. 1.

4. "We do not deem the insertion of the word 'jurisdictional' as of great moment in the determination of the question presented by this point of claimed error in the record by the Commission, for Phillips had participated in the fund by receiving temporary and temporary-permanent relief for total disability." Ind. Com. v. Phillips, 114 OS. 607.

5. "Coming to a consideration—the record of each of said cases shows that there was a denial by the commission of the right to continue to participate in the state insurance fund, upon the ground that the claimant's condition was not attributable to an industrial accident in the course of his employment, for which temporary disability allowance had already been made. As indicated in the Phillips case; (also is similar to the case at bar); we hold this to be a denial of the right to continue to participate upon jurisdictional grounds, entitling the applicants to the right of appeal under Sec. 1465-90 GC."

6. Holding these views and upon the authority of the cases cited herein the court is of the opinion that the lower court committed no error in overruling the motion of the Industria Commission.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Squire, Sanders & Dempsey for Ry. Co.; M. S. Cerrezin, S. T. Gaines for Kingan; all of Cleveland.