STARK ELECT. RD. CO. v. P. U. C.

Ohio Supreme Court.

No. 20917. Decided March 21, 1928.

**216. CERTIFICATES. Of Convenience and Necessity—973. Public Utilities—793a. Motor Transport.**

1. Granting of certificate of convenience and necessity to motor transportation company whose operation must result in crippling, or destruction of, existing public transportation utility, rendering more adaquate public transportation service than motor company can render, held unreasonable and unlawful.

2. Where existing public utility transportation company is able and willing to increase transportation facilities and make same adequate, and granting certificate of convenience and necessity to motor transportation company to operate competing service will cripple or destroy such existing transportation service, duty of Public Utilities Commission to give such public utility transportation company opportunity to make service adequate before granting certificate to such competing line.

Error to P. U. C.

Remanded for modification of order.

ROBINSON, J.

1. The granting of a certificate of convenience and necessity to a motor transportation company whose operation manifestly must result in the crippling or destruction of an existing public transportation utility which is rendering more nearly adequate public transportation service than a motor transportation company can render, does not serve the public convenience and necessity. The granting of such a certificate is unreasonable and unlawful.

2. Where an existing public utility transportation company, other than a motor transportation company, is under the jurisdiction of the Public Utilities Commission of Ohio and is able and willing to increase its transportation facilities and to make same adequate, and the granting of a certificate of convenience and necessity to a motor transportation company to operate a competing service will cripple or destroy such existing transportation service, it is the duty of the Public Utilities' Commission to afford such public utility transportation company, other than a motor transportation company, an opportunity to make its service adequate before granting a certificate of convenience and necessity to a motor transportation company to render competing service.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

STATE ex ROWLANDS v. INDUST. COM.

Ohio Supreme Court.

No. 20821. Decided March 21, 1928.

**1283. WORKMEN'S COMPENSATION.**

Person, entitled to participate in state insurance fund, who has filed claim for injuries, and whose claim has been allowed, not deprived of right to rehearing by reason of amendment of 1465-90 GC., passed March 26, 1925.

In Mandamus.

Writ allowed.

DAY, J.

A person who is entitled to participate in the state insurance fund and who has filed a claim for injuries sustained in the course of his employment, whose claim has been allowed and medical expenses granted to him and further compensation denied, is not deprived of a right to a rehearing upon said claim by reason of the amendment of Section 1465-90, General Code, passed March 26, 1925. (Industrial Commission v. Phillips, 114 Ohio St. 607, approved and followed.)

(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)