THE STATE, EX REL. COMMERCIAL MOTOR FREIGHT, INC.,
APPELLANT, *v.* STEBBINS ET AL., APPELLEES.

[Cite as State, ex rel. Commercial
Motor Freight v. Stebbins (1975), 42 Ohio St. 2d 389.]

(No. 74-1074—Decided June 4, 1975.)

*Mr. Willim C. Buckham,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. James R. Rishel,* for appellees members of the Industrial Commission.

*Per Curiam.* Commercial Motor Freight argues that the December 20, 1973, order granting claimant temporary total disability was an order going to the extent of disability and not appealable under R. C. 4123.519.[3] Therefore, appellant contends, mandamus was available because it had no plain and adequate remedy in the ordinary course of the law.

---

[3]R. C. 4123.519.

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

This court agrees. In the recent case of *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, an employee who suffered a back injury in the course of his employment and was again injured in a work-related incident, filed a motion for permanent total disability, which was allowed. The employer then filed a mandamus action in the Court of Appeals seeking to have the order allowing permanent total disability vacated. The Court of Appeals held that General Motors had a plain and adequate remedy in the ordinary course of the law by way of appeal and denied the writ of mandamus. Upon appeal, this court held that the decision of the commission "finding claimant permanently and totally disabled clearly was not an absolute denial of claimant's right to participate in the fund, but was a determination as to the extent of disability. Therefore, an appeal did not lie and appellant's only available remedy was an original action in mandamus."[4]

In this case, the December 20, 1973, order allowing benefits for temporary total disability was clearly a determination as to the extent of disability. Claimant's right to participate in the fund had previously been established. Hence, the order allowing temporary total disability was not appealable, and Commercial Motor Freight's only available remedy was an original action in mandamus.

Accordingly, on authority of *State, ex rel. General Motors Corp.,* v. *Indus. Comm., supra,* the judgment of the Court of Appeals, dismissing Commercial Motor Freight's action in mandamus, is reversed, and the cause is remanded to that court for a hearing on the merits of relator's complaint in mandamus.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[4]The judgment of the Court of Appeals was, however, affirmed for the reason that "that court correctly found that the record supports the commission's factual determination."