Ford Motor Company, Appellant, *v.* Mosijowsky et al., Appellees.

(No. 75-162—Decided December 10, 1975.)

*Messrs. Squire, Sanders & Dempsey, Mr. Lee E. Larson* and *Mr. Robert H. Gillespy,* for appellant.

*Lee S. Kolczun Co., L. P. A., Mr. Lee S. Kolczun, Mr. Joseph J. Ujhelyi* and *Mr. John D. Kozich, Jr.,* for appellee claimant.

*Mr William J. Brown,* attorney general, for appellee Administrator, Bureau of Workmen's Compensation.

*Per Curiam.* The issue before us is whether the relevant provisions of R. C. 4123.519 allow an appeal from the September 25, 1972, order of the deputy administrator as affirmed by the board of review.

In a recent case, *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St. 2d 278, 280, this court restated its holding that "* * * where the commission's order constitutes a finding as to the extent of disability, an appeal is unavailable and mandamus is proper to test the commission's exercise of its discretion."

Interpreting the pertinent language of R. C. 4123.519,[1] this court has consistently held that "an order constituting a denial that is absolute and which goes to the basis of claimant's right to participate in the fund is not a 'decision as to the extent of disability,' and is appealable * * *." *State, ex rel. General Motors Corp., supra,* at page 280, and cases cited therein.

In the case at bar, however, the September 25, 1972, order of the deputy administrator, allowing the claim and compensating claimant for temporary total disability, "* * * clearly was not an absolute denial of claimant's right to participate in the fund, but was a determination as to the extent of disability." *State, ex rel. General Motors*

---

[1]R. C. 4123.519 provides:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

*Corp., supra,* at page 281. Therefore, an appeal does not lie from the order of the deputy administrator herein.[2]

Accordingly, the judgment of the Court of Appeals disallowing the appeal is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[2]In so holding, it is not necessary to decide appellant's other propositions of law.