MOONEY, APPELLEE, *v.* STRINGER, ADMR., BUREAU OF
WORKMEN'S COMPENSATION; INLAND MANUFACTURING DIV.,
GENERAL MOTORS CORP., APPELLANT.

(No. 76-291—Decided December 27, 1976.)

376

*E. S. Gallon Co., L. P. A.,* and *Mr. David M. Deutsch,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Robert L. Holder,* for defendant-appellee, administrator, Bureau of Workmen's Compensation.

*Messrs. Smith & Schnacke* and *Mr. Samuel A. McCray,* for appellant.

*Per Curiam.* The question presented by this appeal is whether, pursuant to R. C. 4123.519, the May 28, 1970, decision of the Dayton Regional Board of Review can be

appealed to a Common Pleas Court. R. C. 4123.519 provides, in pertinent part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"[1]

The Revised Code authorizes an appeal from a decision of the administrator of the Bureau of Workmen's Compensation upon his absolute denial of a claim on a jurisdictional ground[2] going to the basis of a claimant's right to participate in the Workmen's Compensation Fund. *Ford Motor Co.* v. *Mosijowsky* (1975), 44 Ohio St. 2d 109, 110, 338 N. E. 2d 762; *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 280, 328 N. E. 2d 387, and cases cited therein.

Appellee attaches great importance to the utilization of the following negative language in the ruling of the

---

[1]"The large number of cases decided by this court determining what is included within the 'extent of disability,' as those words are used in Section 4123.519, Revised Code, attests to the fact that in the galaxy of decisions of the Industrial Commission some do not easily come to rest in assigned legal grooves." *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 97, 249 N. E. 2d 775.

"R. C. 4123.519 provides for appeal from '* * * a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * * *.'

"Clear though the above quoted language may have seemed to the drafters thereof, the myriad complications of industrial injury, and legislative and administrative efforts to justly cope therewith, have resulted in diffuse efforts by litigants and courts to resolve ensuing conflicts and uncertainties. Predictably, much attention has been directed to the meaning of 'extent of disability.'" *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154, 155, 277 N. E. 2d 219.

[2]"A denial is on a 'jurisdictional basis' when the commission determines that it has no jurisdiction over the claim and is, therefore, without authority to award compensation. When such a denial is made, a determination as to the extent of disability is not reached or passed upon. Hence, the order is appealable." *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 233, 277 N. E. 2d 422.

board: "* * * it is the finding and decision of the board that claimant's temporary total disability and hospitalization *since* July 19, 1965 is not the result of or related to the injuries and allowed disability upon which the instant claim is based, namely, thrombophlebitis right lower leg." (Emphasis added.) Appellee contends that in addressing itself to her claim with this phraseology, the board denied it had jurisdiction to continue with the claim insofar as the payment of total disability benefits was concerned, that denial being absolute and going to the basis of her right to continue to participate in the receipt of total disability benefits.

In the case of *State, ex rel. Commercial Motor Freight,* v. *Stebbins* (1975), 42 Ohio St. 2d 389, 391, 329 N. E. 2d 102, this court held that an award of temporary total disability to an employee who already had been awarded permanent partial disability, constituted "clearly a determination as to the extent of disability. Claimant's right to participate in the fund had previously been established. Hence, the order allowing temporary total disability was not appealable * * *."

In the instant case, appellee's right to participate in the fund was established originally by the still-standing order of the deputy administrator that appellee's claim was allowed for the disability described as "thrombophlebitis right lower leg." The May 28, 1970, order of the board, allowing such benefits only relative to the period prior to July 19, 1965, clearly was a determination as to the extent of that allowable disability. Hence, the order of the board of review, allowing only temporary total disability as indicated above, was not appealable under R. C. 4123.519.

This case entails no absolute denial of appellee's underlying right to participate in the fund, and the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.