386

ZAVATSKY, APPELLANT, v. STRINGER, ADMR., BUREAU OF
WORKERS' COMPENSATION ET AL., APPELLEES.
STATLER HILTON HOTELS, APPELLANT, v. WILLIAMS ET AL.,
APPELLEES.

(Nos. 78-76 and 78-241-—Decided December 7, 1978.)

388

Traxler, Malkoff, Boyd & Smith Co., L. P. A., and Mr. John C. Boyd, for appellant in case No. 78-76.

Messrs. Squire, Sanders & Dempsey and Mr. Richard W. McLaren, Jr., for appellant in case No. 78-241.

Messrs. Harrington, Huxley & Smith, Mr. Francis Leland Pico and Mr. Frederick S. Coombs, III, for appellee Republic Steel Corporation in case No. 78-76.

*Mr. Edward J. Kirk,* for appellee Caroline Williams in case No. 78-241.

*Mr. William J. Brown,* attorney general, and *Mr. John F. Livorno,* for appellee Stringer, Administrator, in case No. 78-76; and for appellees Krouse, Administrator and Industrial Commission in case No. 78-241.

LEACH, C. J. The single question presented to this court in case No. 78-76 is whether the order of the deputy administrator of March 20, 1973, allowing the claim for injury to the left elbow, but denying the claim as to the low back and left leg condition, is an order "other than a decision as to the extent of disability" within the purview of R. C. 4123.519.[1]

On the basis that the March 20, 1973, decision accepted jurisdiction of the claim by allowing the claim, ordering certain benefits to be paid on it and denying other benefits, the Court of Common Pleas concluded that "the decision of the Industrial Commission does not constitute an absolute denial of plaintiff's [claimant's] underlying right to participate in the fund and is a decision as to the extent of disability of the plaintiff [claimant]."

The opinion of the Court of Appeals, affirming the Court of Common Pleas, concluded that "[i]f a part of a claim is allowed and a part is refused, there has not been a 'denial on a jurisdiction[al] ground,'" citing as authority therefor certain language contained in *Mooney* v. *Stringer* (1976), 48 Ohio St. 2d 375, at page 377. The Court of Common Pleas cited, as its authority, *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278; *State, ex rel. Commercial Motor Freight,* v. *Stebbins* (1975), 42 Ohio St. 2d 389; *State, ex rel. General Motors,* v. *Indus. Comm.* (1975), 44 Ohio St. 2d 46; *Ford Motor Co.*

---

[1] As applicable to claimant's appeal in case No. 78-76, R. C. 4123.519 previously authorized an appeal, other than one as to extent of disability, "from a decision of the administrator on application for reconsideration." This provision was removed from the statute effective January 17, 1977 (136 Ohio Laws 1075, 1155.)

v. *Mosijowsky* (1975), 44 Ohio St. 2d 109; and *Mooney* v. *Stringer, supra.*

The single question presented in case No. 78-241 is whether the order of the Bureau of Workers' Compensation (affirmed by the regional board of review and appeal therefrom refused by the Industrial Commission), is an order "other than a decision as to the extent of disability." The order of the Court of Common Pleas dismissing the appeal was routinely entered without any reason being given therefor. The majority opinion of the Court of Appeals, affirming such dismissal, relied upon certain language contained in this court's opinions in *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40; *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154; *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230; and *Mooney* v. *Stringer, supra* (48 Ohio St. 2d 375).

R. C. 4123.519 provides, in pertinent part, as follows:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *

"* * * *

"* * * The court or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action."

The underlying rationale adopted by the lower courts herein is simply to the effect that so long as a claimant is receiving compensation or benefits under the Workers' Compensation Act for other injuries or other losses or impairments of bodily functions, any and all orders of the Industrial Commission either granting or denying claims seeking the *right to participate* in the Workers' Compensation because of injuries or losses or impairments of bodily functions *other than those for which the claimant is being*

*compensated* necessarily become decisions "as to the extent of disability," and, thus, may not be appealed either by a claimant or by an employer. Such rationale would preclude either the claimant or the employer from appealing that portion of the original order in cases where, as here, the claim is allowed for one specific part of the body but denied for another part of the body. This rationale likewise would necessarily deny to both the claimant and the employer any right of right of appeal to a Court of Common Pleas in those cases where, after the original allowance of a claim for injury to or loss or impairment of bodily functions in any part of the body, a claim is later made pursuant to the specific authority contained in R. C. 4123.84 seeking additional compensation for injury to or loss or impairment of bodily functions not previously claimed or passed upon, just so long as the claimant is continuing to participate in the fund pursuant to the original allowance thereof.

It is common knowledge that the vast majority of industrial claims are not contested. They are recognized by the employer and by the Bureau of Workers' Compensation as valid injuries to specific parts of the body and for specific physical conditions. After a claim is recognized as valid for such a specific physical condition, claimants frequently allege that they also injured another part of the body in the same industrial accident, or allege that a physical condition, *other than that originally claimed,* has developed from the original injury. For example, a claimant with a recognized low back injury may later claim that he has developed a heart condition, a psychoneurosis, ulcers, etc., as the result of his recognized injury. A claimant's right to make such a claim is specifically recognized (R. C. 4123.84).

Where, as frequently happens, a claim is made under R. C. 4123.84 that the original injury has caused a heart condition, the denial of such a claim could not be appealed by the claimant so long as he was still participating in the fund for the previously recognized injury or condition.

By holding that the employer could *only* appeal in those cases where there had been an *absolute denial* of any *right of the claimant to participate* in the fund for any injury or any loss or impairment of bodily functions, the effect of the lower courts' rationale is to deny the employer *any* appeal under R. C. 4123.519. Where the *claimant's* right to participate has been totally denied as to any and all claims of injury, loss or impairment, the employer, not being adversely affected, would have no occasion to appeal even if it had any right to do so.

This court can not agree that such rationale is or ever was the law of Ohio. Accordingly, we reverse the judgment of the Court of Appeals in each case.

Since many of this court's prior opinions have contained language which might tend to confuse those who do not possess a background of knowledge of the derivation and meaning of certain terms employed therein in the context of the development of the Ohio Workers' Compensation Law, we believe that some clarification thereof is indicated.

R. C. 4123.519, insofar as the pertinent language here under consideration is concerned, has been in effect since 1955.

From 1937 until 1955, G. C. 1465-90 (R. C. 4123.51) specifically provided for an appeal by the claimant in the event any claim was denied on the basis that claimant's disability is not the result of an injury. Between 1925 and 1937, G. C. 1465-90 authorized the commission "to hear and determine all questions within its jurisdiction," providing that its decision thereon "including the extent of disability and amount of compensation to be paid" shall be final. The statute at that time authorized an appeal by the claimant to the Court of Common Pleas on a rehearing record in injury claims "if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason." The statute, as early as 1925, provided that the court

or the jury, if demanded, "shall determine the right of the claimant to participate or to continue to participate in such fund * * *." (111 Ohio Laws 218, 227, 228.)

In *Indus. Comm.* v. *Phillips* (1926), 114 Ohio St. 607, this court held that where the Industrial Commission denies an injured employee the right to continue to participate "upon the ground that his present physical condition is not attributable to an industrial accident," such "is a denial upon a 'jurisdictional ground going to the basis of the claimant's right,'" and upon such basis held that the claimant had the right to appeal from such denial. The language "jurisdictional ground going to the basis of the claimant's right," employed in *Phillips*, had its source in the language of G. C. 1465-90, as it existed between 1921 and 1925. (109 Ohio Laws 291, 296.)

Thus, it is clear from the holding in *Phillips* and this court's cases cited in *Phillips* that, at least since 1921, a denial of a claim on the basis that the claimant's disability is not due to a compensable injury is equivalent to the denial of the claim on a "jurisdictional ground." See, also, *State, ex rel. Butram,* v. *Indus. Comm.* (1932), 124 Ohio St. 589; *State, ex rel. Araca,* v. *Indus. Comm.* (1932), 125 Ohio St. 426; *State, ex rel. Yance,* v. *Indus. Comm.* (1932), 125 Ohio St. 447; *State, ex rel. Cezkovsky,* v. *Indus. Comm.* (1933), 126 Ohio St. 434; *State, ex rel. Depalo,* v. *Indus. Comm.* (1934), 128 Ohio St 410; *State, ex rel. Gerard,* v. *Indus. Comm.* (1934), 128 Ohio St. 558; *Noggle* v. *Indus. Comm.* (1935), 129 Ohio St. 495; *Humphries* v. *Wheeling Steel Corp.* (1937), 132 Ohio St. 263; *State, ex rel. Pyles,* v. *Indus. Comm.* (1937), 132 Ohio St. 384; *Crumpton* v. *B. F. Goodrich Co.* (1942), 139 Ohio St. 383; and *Brecount* v. *Procter & Gamble Co.* (1957), 166 Ohio St. 477.

*Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, involved an appeal under the provisions of R. C. 4123.519, which became effective in 1955. There, the administrator had allowed the claim for abrasions to the right knee, fingers, distal joint surface and left forearm, but found that claimant's generalized arthritic involvement was not related to or

the result of the injury. The regional board of review affirmed and the Industrial Commission refused a further appeal. On appeal by the claimant to the Court of Common Pleas, the employer filed a motion to dismiss, asserting that the decision was one as to the "extent of disability" and, thus not authorized by the provisions of R. C. 4123.519. In rejecting that assertion, this court concluded, at page 140:

"The finding of the administrator that 'the claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition is not authorized,' is clearly not 'a decision as to the extent of disability' but rather a finding that the arthritic condition of claimant was not a disability resulting from the injury—an absolute denial of the claim on a jurisdictional ground going to the basis of claimant's right. From such a decision an appeal is authorized by the above-quoted provision of the Code."

A study of the language employed by the court in *Carpenter*, when compared with the language of G. C. 1465-90, as it existed prior to 1937, clearly demonstrates that this court in *Carpenter* was holding that the denial of the arthritic condition on the ground that such was not a disability resulting from the injury is equivalent to a denial of *that particular claim* on a "jurisdictional ground going to the basis of claimant's right" to participate *for that particular claim or condition.*

In effect, therefore, *Carpenter* stands for the proposition that, so far as the claimant be concerned, his rights to appeal a decision denying compensation, or additional compensation, on the ground that the disabling condition which was the subject of the claim was not the result of a compensable injury, were in no way affected by the repeal in 1955 of R. C. 4123.51, and the enactment of R. C. 4123.-519.

With respect to the right of a claimant to appeal an order denying the relationship of a claimed disability, it is

conceded in essence that *Carpenter* would be dispositive of that issue, and would require the reversal of the Court of Appeals in case No. 78-76 if the rule announced in *Carpenter* were still the law of Ohio. Counsel for Republic Steel in effect asserts, however, that more recent cases of this court have necessarily overruled *Carpenter*. This court disagrees.

While it is true that in a series of recent cases interpretating R. C. 4123.519 it has been held that " '* * * it is an order constituting a "denial that is absolute going to the the basis of claimant's right" that is appealable' " (see *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369, 370, and cases cited therein), none of these cases have held that the right of appeal from the denial of a claim of disability involving the loss or impairment of bodily functions of a specific type, or in a specific part or parts of the body, is lost to a claimant merely because another claim of his as to disability or loss or impairment of bodily functions of a different nature or in a different part or parts of the body has been recognized and compensation therefor is being paid. The language so employed—"denial that is absolute going to the basis of claimant's right"—had its genesis (subsequent to the 1955 enactment of R. C. 4123.519) in *Carpenter* v. *Scanlon, supra* (168 Ohio St. 139, 140), a case in which the claimant was granted the right to participate with respect to a claim for another injury or disability. Obviously, therefore, this language was not employed in *Carpenter* in the context employed by the Court of Appeals herein. Nor has it ever been employed by this court in that context.

In *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 99, *Carpenter* was cited with approval as a means of demonstrating that an order of the Industrial Commission, although not literally involving, in and of itself, a determination of "extent of disability," was nevertheless not appealable since the order constituted the refusal to permit a change of election as to the type and amount of compensation payable for a previously allowed

injury. Essentially, that case stands for the proposition that a change of election is basically related to the matter of payment for a recognized injury and does not deny the right of claimant to participate for a particular injury or disability.

The language, "going to the basis of claimant's right," again was employed in *Reeves* v. *Flowers, supra* (27 Ohio St. 2d 40), in holding that the extent or degree of dependency of decedent's parents in a death claim, resulting from a compensable injury, was not appealable. Here, again, there was no denial of the basic right of participation for the death; instead, the issue involved concerned basically the monetary computation of death benefits.

*State, ex rel. Campbell,* v. *Indus. Comm., supra* (28 Ohio St. 2d 154, 156), concerned "only the extent to which relator may continue to participate in the Workmen's Compensation Fund under an allowed claim * * *." The question there involved was whether, under an allowed claim, an order limiting a self-insured employer's responsibility to pay for more than one chiropractic adjustment a month was appealable to the Court of Common Pleas; again this was a question as to the extent of participation in benefits—not a denial of any benefits for a claimed injury or disability.

*Rummel* v. *Flowers, supra* (28 Ohio St. 2d 230), involved the question of whether an order of the Industrial Commission, which found that claimant was not totally disabled but only temporarily partially disabled to a moderate degree, was appealable to the Court of Common Pleas. This court, at page 236, rejected the assertion that the order in question could be considered as "an unarticulated rejection of a disability [conversion reaction] for which no application for compensation has been filed." In *Rummel* the claim that the industrial accident had resulted in "conversion hysteria which developed into a conversion reaction," had never been filed at the administrative level and, thus, had never been "allowed, rejected or otherwise dealt with" (*Id.* at page 235); it was first claimed as a part of the petition filed in the Court

of Common Pleas (*Id.* at page 231). Administratively, the order in *Rummel,* from which the claimant sought to appeal to the Court of Common Pleas, was merely a ruling on the motion filed by the employer requesting a determination of "the extent of disability" of the claimant. The case is illustrative of the principle that the question of causal relationship between a claimed disability and injury is one going to the "right to participate," whereas once such a claim is allowed, an order determining the degree of such disability as a basis for the computation of compensation is one limited to the "extent of disability."

In *State, ex rel. General Motors Corp.,* v. *Indus. Comm; supra* (42 Ohio St. 2d 278), claimant sustained a back injury in 1958 and re-injured his back in 1966. The 1958 injury and the 1966 injury were given separate claim numbers. 602 Ohio Supreme Ct. Briefs and Records 3d, case No. 74-842. Ultimately in 1973, the Industrial Commission found claimant to be permanently and totally disabled. The Court of Appeals denied employer's petition for a writ of mandamus to vacate the order, finding that relator had a plain and adequate remedy by way of appeal under R. C. 4123.519. This court held, at page 280, that the "commission's order constitutes a finding as to the extent of disability" and, thus, "an appeal is unavailable and mandamus is proper to test the commission's exercise of its discretion." The judgment of the Court of Appeals was affirmed, however, on the basis that although the Court of Appeals erred in concluding that the employer had a right of appeal from the decision of the Industrial Commission, that court had also correctly found that the record supported the commission's factual determination of permanent total disability.

In *State, ex rel. Commercial Motor Freight,* v. *Stebbins, supra* (42 Ohio St. 2d 389), the claim had been recognized as a back injury in 1966. Quite some time later, claimant's motion for an award for aggravation of a pre-existing personality disorder and conversion reaction precipitated by his injury was allowed. This order had been appealed by the employer to the Court of Common Pleas of Mont-

gomery County... The brief of claimant in *Stebbins* conceded that that order was appealable and that the appeal therefrom was still pending. 626 Ohio Supreme Ct. Briefs and Records 3d, case No. 74-1074. While that appeal was pending, claimant filed a motion for temporary total disability, which, on appeal by claimant to the board of review, was allowed and such award granted on December 20, 1973. The employer then brought action in mandamus in the Court of Appeals for Franklin County to vacate the order of December 20. The Court of Appeals dismissed the action holding that the order was one " 'other than a decision as to the extent of disability,' " and that the employer, therefore, had an adequate remedy at law by way of appeal. This court reversed the Court of Appeals, holding that the December 20 order of the commission was clearly a determination as to extent of disability which in no way constituted any *denial* of claimant's *right to participate*. It should be added that the December 20 order likewise did not constitute the *allowance* of claimant's *right to participate for the aggravation of pre-existing personality disorder and conversion reaction*. The decision which had allowed claimant's right to participate for these conditions was the order which the employer had previously appealed to the Court of Common Pleas of Montgomery County.[2]

In *State, ex rel. General Motors*, v. *Indus. Comm.*, *supra* (44 Ohio St. 2d 46), claimant was injured in 1971 and the claim allowed for contusion of the right occipital area above the ear and for contusion and laceration of a finger. In 1973, claimant's Application for Determination of Percentage of Permanent Partial Disability was allowed

---

[2]Here, it should be noted that R. C. 4123.519, in effect, provides that an appeal *by the employer* from a decision of the commission shall not stay certain payments of compensation during the pendency of the appeal, and further provides that in the event payments are made to a claimant, which should not have been made under the decision of the appellate court, the amount thereof shall be charged to the surplus fund, and in the event the employer is a self-insured, such amount shall be repaid to the self-insured from the surplus fund.

and he was granted a 12½ percent permanent partial award. The employer thereafter filed notice of appeal to the Court of Common Pleas of Cuyahoga County, which dismissed the appeal as being one involving a decision only as to the extent of disability. Appeal was then taken to the Court of Appeals for Cuyahoga County and this appeal apparently was still pending at the time of this court's opinion in *General Motors*. The issue involved in *General Motors* concerned another action filed by the employer seeking a writ of mandamus in the Court of Appeals for Franklin County. That court had dismissed the action in mandamus apparently on the basis that the employer had an adqeuate remedy by way of appeal. This court, on authority of *Commercial Motor Freight, supra,* held that "the award of permanent partial disability to claimant was a determination as to the extent of disability, and was not appealable." Concluding that the employer's only remedy was an action in mandamus, the judgment of the Court of Appeals for Franklin County was reversed and the cause remanded.

In *Ford Motor Co.* v. *Mosijowsky, supra* (44 Ohio St. 2d 109), the claim had originally been allowed by the administrator for a minor non-disabling contusion to the left shoulder and left scapular region, but disallowed as to subsequent developing low back disability and neurosis of the conversion type reaction. Both the employer and the claimant appealed to the regional board of review, wherein the entire claim was then disallowed. Claimant thereupon appealed the disallowance of the claim to the Court of Common Pleas of Lorain County. The jury found for the claimant. Pursuant to R. C. 4123.519, the judgment of the court was certified to the Industrial Commission and on September 25, 1972, the deputy administrator ordered that compensation for temporary total disability and medical bills be paid. That order was affirmed by the board of review and the Industrial Commission refused a further appeal. The order attempted to be appealed by the employer

to the Court of Common Pleas, and with which this court was concerned in *Mosijowsky*, was the order of September 25 which determined only the extent of disability for the physical condition or impairment of bodily functions which already had been allowed by virtue of the prior judgment of the Court of Common Pleas. A study of the opinion of the Court of Appeals therein clearly indicates that the evidence before the jury was concerned with the relationship between the injury and the "post traumatic neurosis."[a] Thus the order of September 25, 1972, constituted an order as to the extent of disability of a condition for which the "right to participate" had been determined by the jury.

In *Mooney* v. *Stringer, supra* (48 Ohio St. 2d 375), claimant was injured on January 7, 1965, when she backed into a rack and received injuries described by her as a "little scratch and a large bump," and by her doctor as a "small scratch and bruised anterior surface lower 1/3 right lower leg." 824 Ohio Supreme Ct. Briefs and Records 3d, case No. 76-291. The claim was allowed for the payment of medical treatment and for temporary total disability for six months preceding July 18, 1965.

Claimant, pursuant to the provisions of R. C. 4123.84, filed an application for adjustment of the claim in 1969. In ruling on such application the deputy administrator allowed the claim made therein for disability on the basis that the injury had caused thrombophlebitis. At the same time the deputy administrator found that other conditions from which claimant was suffering, osteoarthritis, chronic pyelonephritis, cystitis, hyperuricemia, hypertension and obesity were not related to the allowed injury in the claim. Claimant thereupon appealed to the regional board of review, which found that her temporary total disability and

---

[a]Some of the information essential to full understanding as to the scope of this court's holding in *Mosijowsky*, was not included within this court's opinion, but was ascertained by the writer from a study of the original records of the case contained in 655 Ohio Supreme Ct. Briefs and Records 3d, case No. 75-162, in the Ohio Supreme Court law Library.

hospitalization subsequent to July 19, 1975, was neither the result of, nor connected with the thrombophlebitis, and again disallowed her claim for osteoarthritis, chronic pyelonephritis, cystitis, hyperuricemia, hypertension and obesity as being unrelated to the injury upon which the claim was founded.

Claimant then appealed the order of the regional board of review to the Court of Common Pleas of Montgomery County. At the inception of the trial "[t]he parties had stipulated, in the trial court, that appellee abandoned her claim that the conditions set forth above were causally related to her allowed claim for thrombophlebitis of her right leg." (Id. at page 376)[4]

Smith v. Krouse (1978), 54 Ohio St. 2d 369, involved a decision of the Industrial Commission which found "that the claimant is permanently and totally disabled but not due to the allowed injury in this claim * * *." (Emphasis added.) In Smith, claimant had been granted the right to participate for "low back strain; multiple contusions" sustained in 1971. Claimant never made any application to the Bureau of Workers' Compensation asserting any additional conditions or any loss or impairment of any other bodily functions allegedly as due to and the result of her injury. The motion which precipitated the proceedings which eventually came to this court was one simply requesting that she be declared permanently and totally disabled. If claimant had made a claim pursuant to the provi-

---

[4]This court's opinion, as originally reported in the January 3, 1977, issue of the Ohio Bar, had made no reference to this stipulation and thereafter, on motion of the Attorney General, this language was added. The trial stipulation in Mooney thus eliminated the the only issues which were appealable, i. e., whether the osteoarthritis, chronic pyelonephritis, cystitis, hyperuricemia, hypertension and obesity were related to the injury. The balance of the order involved only the thrombosis. Since the right to participate for the thrombosis had already been allowed and no claim was being made that the injury was the proximate cause of any disabling condition except the thrombosis, the attempted appeal necessarily was an attempt to appeal a decision as to "extent of disability."

sions of R. C. 4123.84 by filing a written notice claiming "loss or impairment of bodily functions developing in a part or parts of the body" not previously specified, such a claim, after proper notice, would be heard by a district director pursuant to Rule 4121-3-15, Ohio Adm. Code (formerly IC/WC-21-15), which specifically provides, in subparagraph (B)(1)(d) thereof that "[w]here the claimant seeks to secure allowance of a disability not previously considered * * * the matter shall first be considered by a district director."

In *Smith*, instead of filing the application required by R. C. 4123.84, claimant attempted to raise the issue of an additional condition, or additional disabilities not previously considered in the proceeding before the Industrial Commission. Pursuant to the application which had been filed, the hearing before the commission was limited to whether, considering those disabilities which had been allowed, claimant was permanently and totally disabled.[5]

. It should be noted that *Smith* involved " 'only the extent to which * * * [appellant] may continue to participate in the Workmen's Compensation Fund *under an allowed claim.*' " (Emphasis added.) Thus, this court in *Smith* properly concluded that the order sought to be appealed did not concern an " 'absolute denial of a claim going to the basis of [claimant's] right to participate, or to continue to participate * * *.' "

. Although by custom, a "claim number" is administratively assigned, this does not mean that the "claim number file" constitutes but a single "claim" for compensation as to any and all parts of the body, or as to any and all losses or impairments in bodily functions allegedly resulting therefrom, at that time, or allegedly resulting therefrom at a later time.

While, with reference to the first filing, R. C. 4123.511 refers to "[a] claim," R. C. 4123.84 authorizes the filing of

---

[5]Again, as an aid to a full understanding of the scope of this court's holding, a study was made of the record of *Smith*, still on file with the clerk of this court.

additional "claims" for alleged injury or disability in other portions of the body. For the purpose of appeal under R. C. 4123.519, the question of allowance or rejection of these various claims is, by the terms of R. C. 4123.519, appealable by either the claimant or the employer. Once finally allowed, however, the question involving the computation of monetary payment therefor is one as to "extent of disability" and is not appealable by either the claimant or the employer.

This court, therefore, holds that:

(1) An order of the Industrial Commission which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R. C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance;

(2) A determination of "extent of disability" under R. C. 4123.519 presupposes that claimant has been allowed the "right to participate" in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to "extent of disability" constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries;

(3) The right of either the claimant or the employer to appeal to the Court of Common Pleas from a decision of the Industrial Commission which is "other than a decision as to the extent of disability" is not affected by the fact that the claimant is receiving or will receive compensation or benefits for allowed injuries involving losses or impairments of bodily functions other than those which are the

subject of the appeal. Such right of appeal may be exercised by either the claimant or the employer, regardless of whether the decision granting or denying the right to so participate is a part of the same order or is part of a prior order which also grants or denies a right to participate for other injuries involving loss or impairment of other bodily functions.

Thus, we conclude in case No. 78-76, that the order of the deputy administrator of March 20, 1973, reaffirmed by the administrator on reconsideration on November 19, 1974, to the extent that it determines claimant's low back and left leg condition not to be the result of or related to the allowed injury, is an appealable order under the provisions of R. C. 4123.519. The judgment of the Court of Appeals for Mahoning County, therefore, is reversed and the cause remanded to the Court of Common Pleas for hearing on such appeal.

We further conclude in case No. 78-241, that the order of the Bureau of Workers' Compensation of October 9, 1974, allowing the amendment of the claim to include "hysterical neurosis," such order having been affirmed by the regional board of review and the Industrial Commission having refused further appeal, likewise is an appealable order under R. C. 4123.519. The judgment of the Court of Appeals for Cuyahoga County therein is reversed and that cause remanded to the Court of Common Pleas for hearing on such appeal.

*Judgments reversed and causes remanded.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.