POWELL, APPELLANT, *v.* VALLEY MOULD & IRON/MICRODOT, INC. ET AL., APPELLEES.

(No. 3399—Decided December 10, 1984.)

*Bernard E. Reisman Co., L.P.A.,* and *Dennis E. Ujczo,* for appellant.

*Baker & Hostetler* and *Terence E. Copeland,* for appellee employer.

*Anthony J. Celebrezze, Jr.,* attorney general, and *J. Thomas Henretta,* for appellee Industrial Commission.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Trumbull County, in which the court dismissed plaintiff-appellant's complaint. We reverse, vacate the dismissal, and remand the cause for further proceedings.

On about March 3, 1978, appellant, Milton Powell, was injured after a fall in connection with his employment with appellee, Valley Mould & Iron/Microdot, Inc. Appellant filed a workers' compensation claim, such claim being recognized by his self-insured employer.

On January 21, 1982, appellant was awarded seven percent permanent partial disability for his injury termed "a contusion of the left knee." On May 21, 1982, appellant filed a C-85A application requesting reactivation of his claim for coverage of medical bills and payment of temporary total disability for a condition diagnosed as "internal derangement, left knee joint and osteoarthritic change of left patella."

On October 7, 1982, the Industrial Commission district hearing officer denied the claim in its entirety, reasoning — "the present diagnosis of internal derangement left knee joint and osteoarthritic change left patella are not related to the injury allowed in this claim by causation, aggravation or acceleration and said conditions are specifically disallowed." Appellant appealed to the board of review which by order of January 28, 1983 affirmed the decision of the district hearing officer. The Industrial Commission refused to hear the claimant's further appeal.

On May 20, 1983, appellant filed a notice of appeal in common pleas court. Appellee filed a motion to dismiss con-

tending that the court lacked jurisdiction because the decision was not appealable pursuant to R.C. 4123.519. On February 26, 1984, the court granted the motion to dismiss. This appeal followed.

The assignment of error is as follows:

"I. The trial court erred in dismissing claimant-appellant's appeal as the issue to be tried is an issue 'other than a decision as to the extent of disability' and therefore properly appealable to the court of common pleas under Revised Code Section 4123.519."

Appellant's sole assignment of error is with merit.

R.C. 4123.519 states in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state."

Paragraph one of the syllabus of *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], states:

"An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R.C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or

by the employer in the event of such an allowance."

Appellant's claim was originally allowed for contusion of the left knee. The present claim is for internal derangement of the left knee and osteoarthritic change. This is not an aggravation of the same condition. For this reason, appellee's reliance on *State, ex rel. Roope,* v. *Indus. Comm.* (1982), 2 Ohio St. 3d 97, is misplaced.

In fact, appellee states in its brief: "The Hearing Officer found that the Appellant's medical diagnosis was unrelated to the allowed conditions of the claim."

From this, it is obvious that appellant is claiming a new condition and disabilities. The fact that it is in the same part of the body as what had previously been allowed is of no consequence as is pointed out in *Robinette* v. *Daugherty* (1979), 60 Ohio St. 2d 1 [14 O.O.3d 1].

In *Robinette,* the employer appealed an order of the Industrial Commission ordering payment of compensation and medical bills for an injury described as "fibro myositis of the lumbar area of the back," when the claim had originally been allowed for "large hematoma of lower back; abrasions of left forearm." The court in *Robinette,* following the *Zavatsky* rationale, determined the question to be one involving "other than the extent of disability" and therefore appealable to the court of common pleas.

Finally, referring to R.C. 4123.519, this is not "a decision as to the extent of disability." Therefore, it is not precluded by this statute.

For the foregoing reasons, the judgment of the trial court is reversed, the judgment is vacated, and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

COOK, P.J., and FORD, J., concur.