THE STATE, EX REL. TUDOR, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Tudor, *v.* Indus. Comm. (1989), 45 Ohio St. 3d 251.]

(No. 88-442—Submitted July 11, 1989—Decided September 13, 1989.)

*Joseph A. Marchese,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jenice R. Golson,* for appellee Industrial Commission.

*Taft, Stettinius & Hollister* and *Robert S. Corker,* for appellees Russell A. Bradley and Greene County Commissioners.

*Per Curiam.* For a writ of mandamus to issue, it must be established that: (1) relator has a clear right to the relief requested; (2) respondent is under a clear legal duty to perform the requested act; and (3) relator has no plain and adequate remedy at law.

*State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus.

R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability * * *.

"* * *

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * *"

In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386, 10 O.O. 3d 503, 384 N.E. 2d 693, we held that a denial of the right to participate in the State Insurance Fund is appealable under R.C. 4123.519. In the present case, the commission denied appellant's workers' compensation claim—the ultimate right-to-participate question. We thus find that appellant has an adequate remedy at law, and accordingly affirm the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.