OPINION
The plaintiff-appellant, Max Kennedy ("appellant"), appeals the decision of the Marion County Court of Common Pleas granting the Marion Correctional Facility's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this matter are as follows. The appellant had six workers' compensation claims recognized by the Industrial Commission of Ohio, between October of 1984 and March of 1996, all stemming from injuries he received while employed by the Marion Correctional Facility. The appellant received one hundred percent permanent partial disability for these claims and under the Ohio Revised Code is not entitled to receive any further permanent partial disability for these claims.
Based on these six claims, on May 4, 1998, the appellant filed an application for permanent total disability compensation with the Industrial Commission of Ohio. On April 11, 2000, an adjudicative hearing was held in this matter and the Industrial Commission denied the appellant's application. The Industrial Commission's denial was based on the fact that the appellant had voluntarily retired and therefore had abandoned the entire job market. The opinion of the staff hearing officer stated in pertinent part:
 With regard to the claimant's retirement from the named employer on or about May 31, 1997, the Staff Hearing Officer finds that the claimant's retirement prior to his application for Permanent Total Disability, was voluntary, and therefore constitutes an abandonment of the entire job market. As claimant's retirement is found to be voluntary, and therefore not related to his industrial injuries, the claimant is precluded from permanent total disability compensation.
The appellant attempted to appeal the decision of the Industrial Commission to the Marion County Court of Common Pleas, pursuant to R.C.4123.512. The appellee, the Marion Correctional Facility, filed a motion to dismiss the appellant's appeal for lack of subject matter jurisdiction. The appellee argued that the appeal involved the extent of the appellant's disability and was therefore not appealable to the Court of Common Pleas. The trial court agreed and granted the appellee's motion to dismiss. It is from this judgment that the appellant now appeals, asserting one assignment of error.
 Assignment of Error The trial court erred to the prejudice of the Plaintiff/Appellant in dismissing his cause of action. The Industrial Commission's decision to deny permanent total disability based upon the factual finding of voluntary retirement is a decision other than as to the extent of disability which terminates the Plaintiff/Appellant's right to participate in the benefits of the Ohio Workers' Compensation Act. Therefore, jurisdiction was properly vested in the trial court and the dismissal was erroneous.
The appellant's right to appeal to the court of common pleas is governed by R.C. 4123.512, which states in pertinent part:
 The claimant of the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of the disability to the court of common pleas of the county in which the injury was inflicted * * *.
The law is clear, and the parties agree, that R.C. 4123.512 permits an appeal to the court of common pleas from Industrial Commission orders that resolve a question as to an employee's right to participate or to continue to participate in the Workers' Compensation Fund, but does not permit the appeal of decisions concerning the extent of the injury. Dunnv. Eaton Corp. (March 31, 1999), Marion App. No. 9-98-61, unreported, citing Felty v. AT T Technologies, Inc. (1992), 65 Ohio St.3d 234. However, the parties disagree as to whether the Industrial Commission's determination in this case concerned the appellant's right to participate or the extent of his injury. The appellant maintains that the Commission's ruling prohibits him from further participation and therefore, is properly appealable to the court of common pleas pursuant to R.C. 4123.512. The appellees contend that the Commission's ruling concerns the extent of the appellant's disability and the proper remedy is in mandamus.
The record in this matter reveals that the appellant had previously been granted the right to participate in the system for six separate claims dating from October of 1984 to March of 1996. Based on these six claims, the appellant filed an application for permanent total disability, which was denied by the Commission. The Commission found that the appellant's retirement was voluntary and not related to his industrial injuries and he was therefore not entitled to permanent total disability. The appellees contend that this determination concerned the extent of the appellant's disability rather than his right to participate. We agree.
In Zavatasky v. Stringer (1978), 56 Ohio St.2d 386, the Supreme Court of Ohio held:
 A determination of "extent of disability" under R.C. 4123.519 (now known as R.C. 4123.512) presupposes that claimant has been allowed the "right to participate" in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to "extent of disability" constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily function allowed as compensable injuries.
 Id. at paragraph two of the syllabus. The Court further clarified its position on this issue in State ex. rel. Evans v. Indus. Comm. (1992),64 Ohio St.3d 236, when it held:
 The Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519 (now R.C. 4123.512).
 Id. at paragraph two of the syllabus.
Under the standard set forth by the Supreme Court of Ohio, the decision to deny the appellant's motion for permanent total compensation was not a denial of his right to participate, but rather a determination that his disability was not severe enough so as to entitle him to permanent total disability. The appellant's right to participate for his six claims had already been established. We therefore believe that the trial court correctly concluded that the Commission's decision affected only the extent of the appellant's participation in the workers' compensation system, rather than his right to participate in system at all. See, Dunnv. Eaton Corp., (March 31, 1999) Marion App. No. 9-98-61, unreported.
For the foregoing reasons, the appellant's sole assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.
 ________________________ HADLEY, P.J.
SHAW and BRYANT, JJ., concur.