DECISION
ATT Network Systems ("ATT"), appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court sua sponte dismissed ATT's appeal of a decision by the Industrial Commission of Ohio ("commission") for lack of subject matter jurisdiction.
On June 29, 1993, Roland Robinson ("Robinson"), appellee, sustained an injury while employed by ATT. Robinson filed a claim for workers' compensation, which was ultimately allowed for "disc herniation at L4-5 and L5-S1; post-laminectomy syndrome." On September 22, 1999, Robinson filed for an additional allowance for the condition of "aggravation of preexisting degenerative disc disease at L4-5, L5-S1" as a direct result of his industrial injury. A district hearing officer ("DHO") granted the motion allowing the condition. ATT pursued further appeals with the commission, but those appeals were denied. On March 3, 2000, ATT filed an appeal with the Franklin County Court of Common Pleas. Robinson filed a "petition\complaint" with the trial court on March 21, 2000, requesting the court allow him to continue to participate in the workers' compensation system. On June 14, 2001, the trial court sua sponte dismissed ATT's appeal for lack of subject matter jurisdiction, relying on R.C. 4123.512. ATT appeals the trial court's dismissal and asserts the following assignment of error:
 The trial court erred when it dismissed ATT's appeal filed pursuant to R.C. 4123.512 for lack of jurisdiction, finding that the issue of whether Plaintiff should be additionally allowed to participate in workers' compensation benefits for the condition of aggravation of pre-existing degenerative disc disease at L4-5 and L5-S1 was an extent of disability issue.
ATT argues in its assignment of error the trial court should not have dismissed the appeal based upon lack of subject matter jurisdiction. The Administrator of the Bureau of Workers' Compensation submitted a brief agreeing with ATT's argument that the trial court erred when it dismissed ATT's appeal. Robinson and the commission submitted briefs supporting the administrator's argument.[1]
Appellate review of a trial court's decision to dismiss a case for lack of subject matter jurisdiction is de novo. Campbell v. Johnson (Dec. 30, 1999), Franklin App. No. 99AP-483, unreported, discretionary appeal not allowed (2000), 88 Ohio St.3d 1503 . When considering a dismissal for lack of subject matter jurisdiction, the court is not limited to the allegations in the complaint, but may consider any pertinent matter in making its decision. Howard v. Covenant Apostolic Church, Inc. (1997),124 Ohio App.3d 24, 27.
R.C. 4123.512(A) states, in part, "[t]he claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted." Extent of disability involves a calculation of the benefits payable under workers' compensation for compensable losses or impairments of bodily functions. Zavatsky v. Stringer (1978),56 Ohio St.2d 386, 403. Any decision regarding the amount of compensation a claimant is entitled to receive constitutes a decision as to the extent of disability. Szabo v. Cleveland Clinic Found. (1984), 19 Ohio App.3d 70,72, following Zavatsky, supra. Also, an order extending compensation but not allowing additional conditions or injuries concerns the extent of disability. Hospitality Motor Inns v. Gillespie (1981), 66 Ohio St.2d 206,207. Decisions involving extent of disability may be reviewed by a court only by a writ of mandamus action. Zavatsky, supra.
A decision going to a claimant's right to participate or to continue to participate in the workers' compensation fund must be appealed to the common pleas court. State ex rel. Hinds v. Indus. Comm. (1999),84 Ohio St.3d 424, 425. A decision by the commission determines a claimant's right to participate if it finalizes the allowance or disallowance of the claimant's claim. See Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 239. The essential decision to grant, deny, or terminate a claimant's participation or continued participation in the system is the only commission action appealable under R.C. 4123.512. Id.
The trial court held that because Robinson's injuries arose from a single traumatic event and the additional allowance was for the same specific body part, the commission's decision to additionally allow for aggravation of degenerative disc disease was an "extent of disability" question and not a "right to participate" question. The trial court held that the initial allowance of Robinson's claim for disc herniation at L4-5 and L5-S1 constituted the "essential decision" to grant his participation in the workers' compensation fund. The court believed that Robinson's additional allowance claim was not a "right to participate" question because: (1) the motion was filed under the original workers' compensation claim number; (2) there was no intervening accident or injury between the initial allowance and the subsequent motion; and (3) the motion involved the same specific body part as did the initial disc herniation allowance. We will address each of these conclusions by the trial court.
The trial court reasoned that because the additional allowance was filed under the same claim number as the initial injury, the claimant's right to participate in the workers' compensation fund had already been determined. However, even though a claim number is administratively assigned, this does not mean that the claim number consists of a single claim for compensation. Zavatsky, supra, at 402. Multiple claims can be filed under the same claim number. Id. Upon receipt of an initial application for benefits, the bureau assigns a claim number that corresponds with the year of injury, and this claim number must appear on all documents subsequently filed in the claim. Ohio Adm. Code4123-3-09(A)(2). Each claim for compensation requires a new determination of whether the injury was causally related to the industrial accident, therefore allowing the claimant the right to participate for that particular injury. Ohio Adm. Code 4123-3-08.
The court found that there was no intervening accident or injury between the initial allowance and the subsequent motion. Injury, for workers' compensation purposes, includes an aggravation of a pre-existing condition and is a question of fact for a jury. In order to receive benefits for an injury resulting from an aggravation of a pre-existing condition, the claimant must prove the ultimate disability was "accelerated by a substantial period of time as a result of work." Swanton v. Stringer (1975), 42 Ohio St.2d 356. There need not be a separate intervening accident because the aggravation of a pre-existing condition is considered an injury if the claimant meets his burden of proof.
The court relied upon the fact that the motion for additional allowance involved the same specific part of Robinson's body as the initial allowance. An injured employee is required to give written notice of the specific part or parts of the body claimed to have been injured within two years after the injury, but is not required to include in such notice the specific nature of the physical condition or impairment resulting from such injury. Dent v. ATT Technologies, Inc. (1988), 38 Ohio St.3d 187. When notice has been given of the specific body part injured, a claimant may apply for additional conditions to the affected area at any point during the life of the claim. Irwin v. Ohio Valley Hosp. Assoc. (Aug. 30, 1999), Jefferson App. No. 97 JE 9, unreported.
Robinson was injured in 1993 and filed notice of his lower back injury with the bureau shortly thereafter. In September 1999, Robinson filed for an additional allowance for "aggravation of pre-existing degenerative disc disease at L4-5 and L5-S1." The motion was for the same specific body part, but the nature of the injury was different. The issue raised by Robinson was not concerning to what degree he is disabled due to his disc herniation of L4-5, L5-S1, but, instead, whether he should be allowed to participate in the fund for the condition of "aggravation of pre-existing degenerative disc disease of L4-5, L5-S1." Such a motion questions the right of the claimant to participate in the workers compensation fund for a particular condition and is, therefore, appealable to the common pleas court pursuant to R.C. 4123.512.
Accordingly, we sustain ATT's assignment of error and find the trial court erred in its dismissal of ATT's appeal. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision.
Judgment reversed and case remanded.
LAZARUS and DESHLER, JJ., concur.
[1] We note on October 2, 2001, we granted a motion by the commission to be joined as a party in this appeal. However, since the commission was not a party before the trial court, this motion was improperly granted. Therefore, we accept the commission's brief to be an amicus curiae brief.