JOURNAL ENTRY and OPINION
{¶ 1} Elizabeth Jenkins, individually and as administratrix of the estate of her deceased husband, John Jenkins, appeals from a judgment of the common pleas court which dismissed her workers' compensation case for lack of subject matter jurisdiction.
{¶ 2} On appeal to our court, Jenkins argues that Chapter 2305 of the Revised Code vests the trial court with jurisdiction to review her claims for enforcement of a settlement agreement in claim no. 2-353339 and for monetary damages in claim no. 99-622144. We disagree and conclude that the court properly dismissed her case for lack of jurisdiction. Accordingly, we affirm that judgment.
{¶ 3} The record reveals that, on August 30, 1963, John Jenkins injured his back and knee in the course and scope of his employment with T B Foundry Company. In 1982, at the age of 62, he retired from this employment. Subsequently, he filed a workers' compensation claim, no. 2-353339, asserting permanent and total disability. The Ohio Bureau of Workers' Compensation agreed to settle this claim for a lump sum payment of $55,000. However, John Jenkins died from unrelated causes on March 29, 1999, before settlement had been completed.
{¶ 4} After his death, on May 18, 1999, the Bureau received a BWC Amended Settlement Agreement and Release Application, purportedly from John Jenkins, but determined that it contained a forged signature. Further, the Bureau determined both that the settlement check made payable to John Jenkins had been endorsed and negotiated after his death, and that his representatives had concealed his death from the Bureau. Therefore, the Bureau vacated the settlement, declared a $55,000 overpayment, and ordered the overpayment collected pursuant to the fraud provisions of R.C. Chapter 4123. On further administrative appeal, the Industrial Commission of Ohio affirmed that order.
{¶ 5} After her husband's death, Elizabeth Jenkins filed a second claim with the Bureau for death benefits in claim no. 99-622144, alleging that he died of asbestosis contracted in the course and scope of his employment with T B Foundry. The Bureau denied this claim based on a lack of medical evidence, and the Industrial Commission affirmed that order.
{¶ 6} On August 8, 2001, Elizabeth Jenkins filed a notice of appeal and a complaint in common pleas court seeking declaratory and monetary relief in the amount of $55,000 for claim no. 2-353339 and $25,000 for claim no. 99-622144. On September 10, 2001, the Bureau filed a motion to dismiss these claims, asserting that the trial court lacked subject matter jurisdiction over them. In particular, the Bureau noted that the complaint did not seek the right to participate in the workers' compensation fund, but rather sought monetary damages. Further, the Bureau asserted that, as a state agency, the Ohio Court of Claims has exclusive jurisdiction over monetary claims against it. The trial court agreed, and on October 1, 2001, it granted the Bureau's motion to dismiss.
{¶ 7} Jenkins now appeals, raising one assignment of error for our review. It states:
 {¶ 8} THAT THE LOWER COURT ERRED IN GRANTING THE DEFENDANT-ADMINISTRATOR'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AS THE APPEL[L]ANT['S] APPEAL WAS PROPERLY BEFORE THE COURT.
{¶ 9} Jenkins maintains on appeal that the trial court erred in dismissing her case, urging that it had jurisdiction to hear this matter pursuant to R.C. Chapter 2305. The Bureau counters that the trial court's jurisdiction to review Industrial Commission orders is limited by R.C. 4123.512 to determining whether a claimant has a right to participate in the workers' compensation system.
{¶ 10} "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80, 537 N.E.2d 641. An appellate court will review a Civ.R. 12(B)(1) determination de novo, without any deference to the conclusion of the judge. See, e.g., Travis v. Thompson (June 21, 2001), Cuyahoga App. No. 78384, citing McClure v. McClure (1997),119 Ohio App.3d 76, 79, 694 N.E.2d 515.
{¶ 11} Generally, pursuant to R.C. 2305.01, a court of common pleas has original jurisdiction in all civil cases arising in its county. However, a common pleas court has limited jurisdiction to review determinations of the Industrial Commission. In this regard, R.C.4123.512(A) states:
 {¶ 12} (A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 [4123.51.1] of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. * * *
{¶ 13} It is well established that, under R.C. 4123.512, a common pleas court only has jurisdiction to review orders which grant or deny a claimant's right to participate in the workers' compensation system. SeeState ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, 278,2000-Ohio-73, 737 N.E.2d 519.
{¶ 14} As the court stated in Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 238, 1992-Ohio-60, 602 N.E.2d 1141:
 {¶ 15} The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of [the statute] is adhered to, almost every decision of the commission, major or minor, could eventually find its way to the common pleas court. Thus, a long line of cases, with only a few deviations along the way, [footnote omitted] led to the formulation of this now-settled precept: The only decisions of the commission that may be appealed to the courts of common pleas under [the statute] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund. Afrates, supra, paragraph one of the syllabus; Zavatsky v. Stringer (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus. This narrow rule is consistent with the goal of creating a workers' compensation system that operates largely outside the courts. See Nackley, Ohio Workers' Compensation Claims (1991) 162-163 ("[p]ublic policy" favors this interpretation because otherwise "common pleas courts could be burdened with de novo review — if not full-blown jury trials — on every ministerial order in every claim").
{¶ 16} Here, Jenkins pursued two claims in common pleas court. In the first, she sought to enforce a settlement agreement reached in claim no. 2-353339. R.C. 4123.512(A) does not confer upon the trial court jurisdiction to entertain such an appeal. Therefore, the trial court properly dismissed this claim for lack of subject matter jurisdiction.
{¶ 17} In the second claim, no. 99-622144, Jenkins filed for death benefits from the Bureau, alleging that her husband's death resulted from asbestosis contracted from his employment with the T B Foundry. The Bureau denied this claim for lack of medical evidence, and the Industrial Commission affirmed that order. On appeal to the common pleas court, Jenkins' complaint did not seek review of her right to participate in the workers' compensation system; rather, it requested $25,000 in monetary damages.
{¶ 18} R.C. 2743.03(A)(1) states:
 {¶ 19} (A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims. (Emphasis added.)
{¶ 20} Pursuant to R.C. 2743.03(A)(1), the court of claims has exclusive, original subject matter jurisdiction over actions seeking money damages against the state. See, e.g., Manning v. Ohio State LibraryBd. (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, citing Boggs v. State
(1983), 8 Ohio St.3d 15, 17, 455 N.E.2d 1286, 1288; Friedman v. Johnson
(1985), 18 Ohio St.3d 85, 87, 480 N.E.2d 82, 84.
{¶ 21} R.C. 2743.01(A) defines "state" to include "all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio." Both the Ohio Bureau of Workers' Compensation and the Industrial Commission are state agencies.
{¶ 22} As such, the common pleas court did not have subject matter jurisdiction to hear Jenkins' claim for money damages in claim no. 99-622144. This claim for monetary damages is not cognizable as a proper workers' compensation appeal to common pleas court, pursuant to R.C.4123.512(A), because it does not seek a right to participate in the workers' compensation system.
{¶ 23} Based on the foregoing, the trial court properly dismissed Jenkins' action for lack of subject matter jurisdiction. Accordingly, this assignment of error is not well taken, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR